## Case No. 14,394.

### UNION PAPER-COLLAR CO. v. LELAND.

[1 Holmes, 427; 1 Ban. & A. 491; 7 O. G. 221; Merw. Pat. Inv. 339.] [1]

Circuit Court, D. Massachusetts. Oct., 1874.

PATENTS—REISSUE—VARIANCE—PAPER COLLARS.

1. Where the specification of a patent for ornamented paper collars and cuffs in imitation of linen or other fabric, especially for ladies' use, points out that by the described mode of manufacture, the surface of the linen or fabric will be imitated, as well as the ornaments, the patent may lawfully be reissued so as to claim the imitated surface instead of the imitated ornaments, and collars generally, as well as those to be worn by ladies.

2. Paper collars and cuffs, and paper embossed in various modes, some of which were imita-

[1] [Reported by Jabez S. Holmes, Esq., and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here compiled and reprinted by permission. Merw. Pat. Inv. 339, contains only a partial report.]

tions of textile fabrics, being known in the art, there is no patentable novelty in the application of paper embossed in imitation of linen to the making of collars and cuffs.

Bill in equity [by the Union Paper-Collar Company against Emerson Leland] for an injunction to restrain alleged infringement of reissue letters-patent [No. 5,259] dated Jan. 24, 1873,[2] for paper collars and cuffs, granted W. E. Lockwood; and for an account.

W. G. Russell, for complainant.
A. J. Robinson, for defendant.

LOWELL, District Judge. This suit is brought to restrain the infringement of the second reissue of W. E. Lockwood's patent of 1859; this reissue being granted in 1873. The specification declares the invention to consist of a collar or cuff having a paper surface, imitative of the textile surface of a collar or cuff of textile fabric; that in carrying out his invention, Lockwood uses a fabric composed of paper and muslin, or equivalent fabric, having a smooth, white, polished or enamelled paper surface to represent that of starched linen. It then describes one mode of making the imitation of a linen or muslin surface by dies, but does not claim or limit the invention to any particular appliances or machinery for embossing the fabric. The claim is for a collar having a paper surface imitative of the textile face and fibre of a dressed linen collar, as set forth.

The first objection taken is, that the reissue is for a different invention from that described in the original patent. The patent appears to have been intended to apply to ornamented collars and cuffs, especially those for ladies' use; but the description of the mode of obtaining the result points out that the surface of the linen or other textile fabric will be imitated as well as the ornaments; and we see no reason why the patent might not lawfully be reissued, so as to claim, as it now does, the imitated surface instead of the imitated ornamented cuffs and collars generally, as well as those to be worn by ladies. There is no repugnancy nor any introduction of a new invention.

The case turns on the question of novelty. It appears by the case brought by this plaintiff against Van Deuzen [Case No. 14,395] that the claim of the first reissue of this patent was for an embossed collar or cuff made of a fabric composed of paper and muslin, or an equivalent fabric. This was held to be no patentable novelty. Judge Blatchford says: "But, as like embossing had been done on starched linen, the result of producing such embossing on a smooth, white, polished or enamelled surface, representing that of starched linen, cannot be patented as an invention, when nothing is claimed as new in the appliance, machinery, or process for producing the embossing. A starched linen collar, with its surface embossed, existed before. There was nothing of patentable novelty in the idea that, the imitative surface being provided, it would be well to emboss it. The patent does not claim the invention of the imitative surface, or of any means of producing it."

It will be seen that the present form of the patent follows the suggestion, if it be one, of the court, and does lay claim to the imitative surface itself as used for making collars, and thus avoids, as is contended, the reasoning of that case. But the evidence in the case at bar discloses that paper as well as linen was embossed in various modes and for many uses before the date of Lockwood's patent. There is the English patent of De La Rue, taken out in 1834, for embossing paper in parallel lines; and one granted to John Evans, in 1854, for ornamenting paper with an imitation of the patterns of textile fabrics. It may be doubted whether Evans produced upon his paper the surface, as well as the ornaments, of textile fabrics; but there is proof that paper made in imitation of such fabrics, including linen, was well known and in use for paper-hangings and some other purposes. Samples are produced from papers actually made before 1859 which are of this character. It is said that these imitations are not very well done; but they appear to have been accepted as good enough for the purposes for which they were used; and the patent is not for any improvement in the imitation, or in the mode of producing it.

Collars and similar articles made of paper were patented to Walter Hunt in 1854, as a new manufacture, and Lockwood was the owner of this patent when he made the improvement now in controversy.

In this state of the art, collars and cuffs made of paper being known; and paper embossed in various modes, some of which were imitations of the surface of textile fabrics, being known; we are of opinion that there was in 1859 no patentable novelty in the application of paper embossed in imitation of linen to the making of collars and cuffs. Hotchkiss v. Greenwood, 11 How. [52 U. S.] 248.

The evidence in the record goes even beyond what we have already mentioned, and renders it probable that paper embossed in imitation of a linen surface was used for collars and cuffs long before the date of the alleged invention, and that such articles were offered for sale in New York, and known to several persons. It is true that they were not found to be acceptable to the trade, and they had very probably been forgotten; but they were imitations of linen, and the reasons which operated to prevent their general use were of a commercial and economical character. Bill dismissed, with costs.

[For another case involving this patent, see Union Paper-Collar Co. v. Van Deusen, Case No. 14,395.]

---

[2] [The original patent, No. 23,771, was granted to W. E. Lockwood, April 26, 1859.]