BAKER & BENNETT CO. v. N. D. CASS CO. et al.

(Circuit Court of Appeals, Second Circuit.   January 12, 1915.)

No. 162.

1. PATENTS ⬦⟳28—VALIDITY —DESIGN PATENTS.

It does not constitute invention from the point of view of a design pat-
ent to use for a particular purpose an article which had previously been
manufactured, used, and sold for any purpose for which it was adapted,
where there is no change in the form, size, shape, design, appearance, or
material of the article.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 33;  Dec. Dig.
⬦⟳28.]

2. PATENTS ⬦⟳328—INVENTION—DESIGN FOR SETS. OF CHARACTER BLOCKS.

The Baker design patent, No. 45,249, for a design for character blocks,
which, as shown in the drawings, consist of the alphabet and Arabic
numerals made in block letters and figures, and which are sold as toy
blocks for children, *held* void for lack of invention;  it being shown that
letters and figures identical in design were made and sold by another
more than two years prior to the application and were used in making
signs.

Appeal from the District Court of the United States for the South-
ern District of New York.

This cause comes here on appeal from a final decree entered on Sep-
tember 22, 1914, in the District Court for the Southern District of
New York, adjudging that letters patent of the United States No. 45,-
249, dated February 17, 1914, for a design for sets of character blocks,
granted to De Witt C. Baker, was a good and valid patent, and was
infringed by defendants, and awarding a perpetual injunction.   The'
plaintiff having waived an accounting and elected to recover the sum
of $250, it was also decreed that the defendants and each of them pay
to the plaintiff the sum of $250, with costs.

The Baker & Bennett Company is a corporation duly organized and existing
under the laws of the state of New York, and maintains a place of business
in the city of New York, borough of Manhattan, county and state of New
York.   The N. D. Cass Company is a corporation organized and existing under
the laws of the state of Massachusetts, and maintains a place of business in
the city of New York, borough of Manhattan, county and state of New York.
And N. D. Cass, one of the defendants, is an officer of the N. D. Cass Com-
pany and is personally in charge of its New York office, and is alleged to
have personally controlled and directed the corporation.

The plaintiff is engaged in the manufacture and sale of toys and novelties,
and by a license agreement with De Witt C. Baker claims an exclusive right
to manufacture, use, and sell sets of character blocks embodying and con-
taining the invention described and patented in design patent No. 45,249.   The
defendants are alleged to have infringed the rights of plaintiff by making,
using, and selling sets of character blocks identical in form with those manu-
factured and sold by plaintiff, and they are charged with inducing the custom-
ers of the plaintiff to place their orders with the defendant corporation in
unfair competition, by naming a lower price to buyers than that at which
the plaintiff sells his blocks.

The defendants in their answer aver that De Witt C. Baker is not the true,
original, first, and sole inventor of the alleged ornamental design for a set of
character blocks described and claimed in design patent No. 45,249, but that
the alleged invention relating to an ornamental design for a set of character
blocks was long prior to the time of the supposed invention and discovery

by Baker. The defendants also aver that design patent No. 45,249 is invalid, for the reason that character blocks of substantially the identical construction and appearance as those shown in the letters patent in suit were in public use and on public sale for more than two years prior to the date on which the application for the patent in suit was filed in the United States Patent Office.

Infringement is not contested if the patent is valid.

Hillary C. Messimer and Carl W. Bliss, both of New York City, for appellants.

Munn & Munn, of New York City (T. Hart Anderson, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). On October 18, 1913, De Witt Clinton Baker of New Rochelle, in the state of New York, filed an application in the United States Patent Office in which he stated that he had invented a new, original, and ornamental design for a set of character blocks, reference being made to an accompanying drawing as forming part thereof. It stated:

"The figure is a view in elevation of a set of character blocks, showing my new design. I claim: The ornamental design for a set of character blocks as shown."

The drawing accompanying the application shows simply the alphabet and the Arabic numerals made in block letters and figures. The letter B and the figure 3 will serve as illustrations:

 

The defendants insist that the design specified in the claim is not a patentable design. They assert that it required no invention to produce the alleged invention and discovery in an ornamental design for character blocks, but that the pretended invention and discovery were the product of mere mechanical skill, and consisted of a mere aggregation of well-known parts, performing no new use, function, or result. They also assert that the patent is invalid, because character blocks of substantially the identical construction and appearance as those shown in the patent were in public use and on public sale prior to the date of Baker's application.

The court below concluded that the character blocks in the form presented to the trade as a toy alphabet with one set of numerals possessed patentable novelty, and in that form was entitled to protection against infringement, and that the defendant's character blocks in the form exhibited and as put on the market by it constituted an infringement. It appears that the complainant company is making and vending in large quantities sets of these character blocks for children. They have proved very popular, and within one year after the issue of the patent the sale had amounted to $75,000.

There is no substantial dispute as to the facts. The complainant sells boxes of wooden block letters to be used by children as toys. Each box contains all of the letters of the alphabet and the nine numerals, and a certain number of duplicate letters, principally vowels, to enable a child to spell out words. The patent, however, only applies to the alphabet and the set of numerals. The complainant does not manufacture the blocks, but purchases them on contract from a company at Burlington, Vt.

The testimony showed that letters and numerals identical in design, with every one of the letters and numerals in the set of blocks sold by the complainant were manufactured and sold by a company at Burlington more than two years prior to the date of the application for the patent in suit. In order to fill the complainant's orders, the Burlington manufacturer did not change in the slightest particular the size, shape, design, or material of the letters he had previously been manufacturing and selling. The letters seem originally to have been used for signs. A hardware merchant in business at Burlington testified to the fact that he had purchased these letters more than two years prior to the application for the patent, and that he kept them in stock in bins just like nails or any other commodity in a hardware store, and sold them in the ordinary course of business just as he sold nails, and that he sold in this way both letters of the alphabet and numerals.

Mr. De Witt C. Baker, who is the president and general manager of the complainant company and is in the toy business, appreciated that these wooden block letters and numerals were of convenient size, shape, material, and design to be used by children as toy blocks, and so took out his patent for a set of character blocks. Baker's invention, if it be invention, consists in taking blocks already in use and combining them into "a set" containing at least one entire alphabet and at least one set of the digital numerals "0" to "9" inclusive.

[1] The facts therefore present this question of law: Does it amount to invention, from the point of view of a design patent, to use for a particular purpose an article which had previously been manufactured, used, and sold for any purpose for which it was adapted, where there was no change in the form, size, shape, design, appearance, or material of the article? We feel obliged to answer the question in the negative.

[2] To entitle a party to a design patent there must be an exercise of the inventive faculty. In Smith v. Whitman Saddle Co., 148 U. S. 674, 13 Sup. Ct. 768, 37 L. Ed. 606, the Supreme Court quoted with approval the statement that:

"The adaptation of old devices or forms to new purposes, however convenient, useful, or beautiful they may be in their new rôle, is not invention."

It was there said that:

"The shape produced must be the result of industry, effort, genius, or expense, and new and original as applied to articles of manufacture. Foster v. Crossin (C. C.) 44 Fed. 62. The exercise of the inventive or originative faculty is required, and a person cannot be permitted to select an existing form and simply put it to a new use, any more than he can be permitted to take a patent for a mere double use of a machine. If, however, the selection and adaptation of an existing form is more than the exercise of the

imitative faculty, and the result is in effect a new creation, the design may be patentable."

In Cahoone Barnet Mfg. Co. v. Rubber & Celluloid Harness Co. (C. C.) 45 Fed. 582–585 (1891), it was said:

"And so it is forbidden for one to choose an existing design, simply to devote it to a new use, and, because of such new use, successfully to claim the benefits of the patent laws."

It must be borne in mind that a design need not be useful in the sense that a machine or a process is useful. It must be ornate; it must appeal to the eye of the beholder. The inventor of a design entitled to the protection of a patent must produce a result akin to that produced by the artist or sculptor. His design must be new, and it must be beautiful and attractive. What is it, then, that Baker has invented? He says it is an ornamental design for a set of character blocks. It certainly is not for wooden block letters, for these were unquestionably old. It cannot be for placing the letters in their natural sequence from A to Z, for this is the natural and usual arrangement. So, too, the obvious arrangement of figures is from 1 to 9 and zero. The complainant emphasizes the statement that these blocks are toys designed for children, and bases thereon an argument that novelty and invention may be predicated of that fact. The patent says nothing as to the use to which the blocks are to be applied; but if it had done so, it can hardly be maintained that a device otherwise unpatentable becomes an invention because it is to be used by children. If this were so, infringement would depend upon the age of the user.

In this case Mr. Baker created no new device or form. He simply at the best applied an old or existing device or form to a new use.

Decree reversed. ·