DENTON et al. v. FULDA.

(Circuit Court of Appeals, Second Circuit. June 8, 1915.)

No. 262.

1. PATENTS ☞328—INVENTION—DESIGN.
  The Denton & Denton design patent, No. 39,413, covering broadly a design for a locket or pendant, consisting of a butterfly with folded wings mounted on a background, held void for lack of invention.

2. PATENTS ☞328—INVENTION—JEWELRY.
  The Denton & Denton patents, No. 889,845, for the art of simulating rare and precious stones, and No. 897,274, for a butterfly jewel, held not void on their face for lack of invention.

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from a decree of the District Court for the Southern District of New York dismissing on motion, the new equivalent for a demurrer, the bill of complaint, which alleges the infringement of three letters patent granted to the complainants. The defendant contends that the three patents are void upon their face for lack of patentable novelty and invention. The earliest patent, No. 889,845, is for the art of simulating rare, precious, and other stones. Patent No. 39,413 is for a design for a locket, pendant or similar article, consisting of a butterfly centrally mounted in a field or background, with wings in an upfolded or closed position. Patent No. 897,274 is for a so-called butterfly jewel.

William E. Warland, of New York City (A. V. Cushman and Meyers, Cushman & Rea, all of New York City, of counsel) for appellants.

Hans v. Briesen and Fritz Ziegler, Jr., both of New York City, for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

---

COXE, Circuit Judge. [1] We are inclined to the opinion that the design patent cannot be sustained for the reason that the claim covers broadly a design for locket or pendant of a butterfly with upfolded wings. There is nothing novel about a butterfly with folded wings, or wings in any other condition or position. It does not involve invention, therefore, to paste a drawing or painting of the natural wings of such an insect upon a pendant. To hold otherwise will permit those who select a different design for a pendant, such, for instance, as a shell, a flower, or a bird, to obtain a patent in each instance. Nothing patentably novel is produced by placing such objects in new environments. As to the design patent the decree is affirmed.

[2] The other patents present an entirely different situation. It is unnecessary and unwise at this time to attempt an exhaustive discussion of the question of patentability as this should follow the production of the proof. It is sufficient now if we indicate our reasons for thinking that the patent, for simulating rare and precious stones and the patent for a butterfly jewel should not have been held invalid upon demurrer. Patent No. 897,274 for a butterfly jewel may best be taken to illustrate our views as it is confined to three simple drawings and very clearly describes and shows the invention. The patentee says:

"The present invention relates to improvements in fine arts and has to do with the utilization of the brilliantly colored wings of insects, such as the butterfly and moth. The invention contemplates the use of regular, geometrical panels or sections of these wings in such manner as that a highly decorative and ornamental effect is produced, and one which simulates closely jeweled effects such as are attained by the use of real jewels in decorative art. * * * In order to secure the best results in practicing the invention it is essential that the identity of the wing be destroyed and that the wing section be so mounted as to heighten the jewel effect, and these results are attained by cutting from the wing a section, preferably of regular outline, and so mounting it as to give a smooth solid appearance to the naturally thin and fragile substance, so that, viewed from any point, an appearance of depth, color, and solidity is produced. * * *"

The drawings show a brooch or locket made by a method described in the patent which produces a jewel-like effect of a butterfly such as might be painted by a miniature artist of the highest skill. The second claim will serve to illustrate the invention sufficiently for the present purpose:

"2. As a new article of manufacture, imitation jewel comprising a frame having a glazed front of concavo-convex form, a section of a butterfly's wing beneath said front to form a background, a natural butterfly interposed between said wing section and said front, a yielding filler beneath said wing section, and a rigid backing to crowd said wing section against and about said interposed butterfly and force them into complete and intimate contact with said front throughout their exposed areas."

Here is a combination of—(1) A glazed front of concavo-convex form; (2) a section of a butterfly's wing beneath the said front; (3) a natural butterfly imposed between the wing section and the glass; (4) a yielding filler beneath the wing section, and (5) a rigid backing to crowd said wing section against said interposed butterfly. The result of this combination is a brooch of great beauty, preserving the original

colors of the butterfly more perfectly than could be done by the most skillful artist. Specimens of the jewelry thus produced were exhibited at the argument and presented marvelously beautiful effects, the colors changing in brilliancy and intensity as the lockets are held in different lights. Thus grey is transformed into a changing lilac, blue and white is changed into green and white, and dark purple and buff into blue and buff. All these color effects change rapidly as the light strikes the jewel from different angles.

There is nothing of which we may take judicial knowledge which defeats or seriously limits the claims in question. If there be such structures, the burden is on the defendant to produce them. In Beer v. Walbridge, 100 Fed. 465, 40 C. C. A. 496, this court went further than we are required to go in the case at bar, in holding that only in the plainest cases should a patent be held invalid on demurrer. The patented fabric in the Beer-Walbridge Case was a holder for flat irons and similar articles composed of a sheet of asbestos and a backing of canvas secured to the asbestos by sewing. The court said:

"We are of the opinion that the case is one where evidence of the prior art and of the commercial value of the patented article may be persuasive that the patent is valid, and that the question is too doubtful to be decided upon the face of the patent."

We think that as to the two patents, other than No. 39,413, the question, to state the situation in the most conservative manner, is too doubtful to be determined on demurrer and that the decree should be affirmed as to the design patent and reversed as to the other two patents without costs, the defendant to have leave to answer within 20 days from the date of filing of this opinion unless the time be further extended by the District Court.