### H. D. SMITH & CO. v. SOUTHINGTON MFG. CO.

(Circuit Court of Appeals, Second Circuit. November 13, 1917.)

#### No. 38.

1. PATENTS ⚫283(1)—SUIT FOR INFRINGEMENT—DEFENSES—ESTOPPEL.
   A contract by which a defendant has estopped itself from denying the validity of a patent does not preclude it from denying a charge of infringement, and in support of such defense it may refer to the prior art and to the file wrapper.

2. PATENTS ⚫328—INFRINGEMENT—SCREWDRIVER.
   The Ward patent, No. 737,179, for a screwdriver, construed, and *held* infringed.

Appeal from the District Court of the United States for the District of Connecticut.

Suit in equity by H. D. Smith & Co. against the Southington Manufacturing Company. Decree for defendant, and complainants appeal. Reversed.

For opinion below, see 235 Fed. 160.

Archibald Cox, of New York City, and Henry E. Rockwell, of New Haven, Conn., for appellants.

George D. Seymour, of New Haven, Conn., for appellee.

Before WARD and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

⚫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WARD, Circuit Judge. This is a suit in equity for infringement of letters patent No. 737,179, for screwdrivers. There are but two claims, which read:

"1. As a new article of manufacture, the herein described screwdriver, consisting of the blade, the round shank, conoidal bolster, handle web, and butt, all formed in one piece, and the handle scales secured to the said handle web; the handle portion being elliptical in cross-section for the most part, but gradually merging with the conoidal bolster by a gentle taper into the circular toolshank, thus providing for a firm grasp. while facilitating a nice control by pressure of the finger and thumb upon the shank of the tool.

"(2) As a new article of manufacture, the herein described screwdriver, consisting of the blade, the round shank, conoidal bolster, handle web, and butt, all formed in one piece of drop-forged metal shaped as described: the handle portion being elliptical in cross-section for the most part, but gradually merging with the conoidal bolster by a gentle taper into the circular tool shank, thus providing for a firm grasp. while facilitating a nice control by pressure of the finger and thumb upon the shank of the tool."

[1] The defendant in 1912 made screwdrivers exactly like the complainant's, and as the result of a notice to desist entered into a written agreement which contained the following article:

"3. The parties of the second part further agree to respect the validity of said letters patent No. 737,179, and to hereafter avoid any and all infringement, directly and indirectly, thereof, either by the manufacture of screwdrivers of the forms particularly complained of by the party of the first part and sold by the parties of the second part to the party of the first part or otherwise."

This covenant compels the defendant to admit in this case the validity of the patent and that the screwdrivers made by it before the settlement were infringements; but it may show, if it can, that the screwdrivers now made by it are not infringements, and for that purpose may refer to the prior art and to the file wrapper. American Specialty Co. v. New England Enameling Co., 176 Fed. 557, 100 C. C. A. 193.

[2] The patented screwdriver consists of an integral solid dropforging, beginning at the top with an oval butt having a flat hammer face, and continuing into a flat handle web, into which scales of an elliptical shape gradually decreasing in width are riveted, continuing into a conical (incorrectly called conoidal in the patent) tapering bolster, continuing into a round shaft, ending up in the flat blade. There was nothing in the prior art like the combination of the article. It was very useful and a considerable demand has arisen for it. The screw drivers complained of are integral drop-castings with wooden scale handles, exactly like the complainant's, except in one particular, viz. a projecting bead or collar at the junction of the conical bolster with the round shank. This is said to strengthen the tool, and also to prevent the hand from slipping down upon the shank.

The District Judge regarded the exclusive patentable feature of the complainant's screwdriver to be the conical bolster tapering gently into the round shaft, and he held that the defendant did not infringe, because it put a projecting bead at this point. Assuming the construction of the claims to be correct, we think the defendant's screwdriver does infringe the complainant's patent, because it has the tapering conical

bolster merging into the circular shank. It avoids the abrupt break or shoulder between the handle and shank common in previous screwdrivers, for which the patentee substituted the tapering conical bolster. The bead, if it is not a mere evasion and has any utility, which we very much doubt, is an addition which does not prevent infringement.

Decree reversed.