BAYLEY & SONS, Inc., v. STANDART ART GLASS CO. et al.

(Circuit Court of Appeals, Second Circuit. January 16, 1918.)

No. 166.

1. PATENTS ⬡⟞15—VALIDITY—DOUBLE PATENTING.
    Where an inventor at the same time devises a container for electric lights of pleasing design and a mechanical contrivance conveniently united with an æsthetic cover, he has made two inventions, and, though he at first secures only a mechanical patent, he may within the two-year period procure a design patent, without violating the rule against double patenting.

2. PATENTS ⬡⟞15—DESIGN PATENTS—CONSIDERATION.
    A design patent for an ornamental electric light fixture must be viewed in its entirety; its effect being optical.

3. PATENTS ⬡⟞328—VALIDITY—ANTICIPATION.
    Design patent, No. 49,593, for an ornamental electric lighting fixture, comprising a bell-shaped canopy having a straight lower edge, below which is suspended in close proximity a hemispherical bowl, having a straight upper edge, held invalid for lack of invention.

Appeal from the District Court of the United States for the Southern District of New York.

Bill by Bayley & Sons, Incorporated, against the Standart Art Glass Company and another. From a decree for complainant, defendants appeal. Reversed and remanded, with directions to dismiss the bill.

The action is upon design patent 49,593, applied for March 25, and issued September 5, 1916. The specification is for an "ornamental electric lighting fixture," comprising a "bell-shaped canopy having a straight lower edge," below which is suspended in close proximity "a hemispherical bowl having a straight upper edge." The claim is for the fixture "substantially as shown and described." The drawing adds nothing to the above description, except that it shows the "canopy" as having six equidistant ribs, which (for all that is disclosed) might be either integral with the material of the fixture, or functionally a skeleton or framing into which the material is inserted or built. On October 12, 1915, the same patentee obtained a mechanical patent (1,156,-454) for an "improvement in electric lighting fixtures," claiming such fixture "having a shade and a dish; the shade being formed of a plurality of panels formed of glass" secured together by ribs, with top and bottom binding chan-

nels, each of them being "a flat ring with inclined walls," in conjunction with "means for securing the ribs to the channels and for connecting the dish to the shade."

The evidence shows that plaintiff called this fixture the "Equalite," and sold it with success; witnesses testifying that the "light * * * was pleasing to the æsthetic emotions [and] it acquired distinctiveness and individuality among the trade." Comparing the drawing of the mechanical patent, as explained in its specification, with the drawing of the patent in suit, it is plain that both draftsmen had before them a single device, that the ribs of both drawings are the same, that said ribs have a mechanical purpose, and, in short, that the design patented is the contour shown in vertical section of the "shade and dish" of the mechanical improvement, though for design purposes the words "canopy and hemispherical bowl" are substituted.

The trial court found infringement, but denied an accounting, for reasons here immaterial. A final decree having therefore issued, defendant took this appeal.

John L. Lotsch and Isaac Steinhaus, both of New York City, for appellants.

Lester F. Dittenhoefer, of New York City (Dodson & Roe, of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Error is alleged in that the patent in suit was not held anticipated by the earlier grant to the same patentee for a mechanical improvement.

[1] If the same man at the same time devises a container of pleasing design and a mechanical contrivance conveniently united with the æsthetic covering, he has made two inventions; and, though he patents one, that is no reason why within the statutory two years he may not patent the other. Such act would not be necessarily a case of double patenting, which is always unlawful. The question is unaffected by the accident that one of the two compared patents is for a design and the other for a mechanical arrangement of matter; and it is always the same, viz.: Is the same thing or inventive thought disclosed by both? Williams, etc., Co. v. Neverslip, etc., Co. (C. C.) 136 Fed. 210; President, etc., Co. v. Macwilliam (D. C.) 233 Fed. 439.

The "shade and dish" of the mechanical patent were shown as of the design shape but that shape was neither part of the invention nor essential to its operation or success; whatever merit that improvement possessed depended on the construction and mechanical interrelation of parts, which might just as well have been conical or polygonal, as bell-shaped or hemispherical. But the design patent covers nothing but the shape and effect thereof upon the eye of the particularly shown form of "canopy and bowl." Therefore there was no double patenting; and, as the later patent was applied for within two years after the earlier, the question whether, regarded as a publication, the first specification left no room for patentable invention in the second, is not before us.

[2, 3] There are, however, other design patents issued to other inventors, relating to the shapes of canopies and bowls for electric lights, and antedating the one in suit, which, in our opinion, prevent the discovery of any invention in the patent at bar.

It is urged in support of the decree below that the novelty of a design is to be tested as a whole and that invention is persuasively shown by the commercial success of "Equalite." Undoubtedly a design must be viewed in its entirety, its effect is optical, and it can no more be tested piecemeal than can a picture (Dobson v. Dornan, 118 U. S. 10, 6 Sup. Ct. 946, 30 L. Ed. 63); but novelty is not invention, nor can aid be found in the sales of "Equalite." That word covers the light and the fitting thereof, all the material as fastened together; and the evidence wholly fails to show whether success is due to the mechanical excellence of the whole article, or the pleasing shape of its "canopy and bowl," which (as shown above) has no necessary connection with the mechanics of the contrivance. To ascertain whether it required invention to conceive and produce a plainly ribbed bell-shaped canopy proximately surmounting a hemispherical bowl, we have considered the design patents below noted,[1] and applied rules of decision often and lately stated by this court[2].

Finding no invention, it is ordered that the decree appealed from be reversed, and the case remanded, with directions to dismiss the bill, with costs in both courts.

[1] Grant, 45,629; Raymond, 48,082; and Pickhardt, 47,934—left no room for this invention in bell-shaped ribbed canopies with or without hemispherical bowls. The kind of mental operation involved, is well shown by the slightly later applications of the same patentee (49,567 and 49,558) showing canopies of hexagonal and circular horizontal section respectively. There would seem to be no difficulty in patenting one design for every figure of plane geometry.

[2] Baker, etc., Co. v. Cass Co., 220 Fed. 918, 136 C. C. A. 484; Denton v. Fulda, 225 Fed. 537, 140 C. C. A. 521; Strause, etc., Co. v. Crane Co., 235 Fed. 126, 148 C. C. A. 620, and Dietz Co. v. Burr, 243 Fed. 592, 156 C. C. A. 290, with the cases there collated.