### SIMPLEX LITHOGRAPH CO. v. RENFREW MFG. CO. et al.

(Circuit Court of Appeals, Second Circuit.    April 10, 1918.)

1. PATENTS ⬯37—SUBJECT-MATTER—NOVELTY.

A product which successfully imitates another is not necessarily a patentable novelty, the patent law being connected with the means, for, if a successful imitation were per se patentable, a natural product for that purpose would be within the act.

2. PATENTS ⬯328—INFRINGEMENT—WHAT CONSTITUTES.

The Stenz patent, No. 1,047,849, for sample cards on which were embossed a replica in paper of the cloth advertised, *held* limited to the process of embossing or striking up portions of cardboard, and, as limited not infringed.

Appeal from District Court of the United States for the Southern District of New York.

Bill by the Simplex Lithograph Company against the Renfrew Manufacturing Company and others. From a decree dismissing the bill, complainant appeals. Affirmed.

Action is on patent to Stenz for improvements in "sample cards," numbered 1,047,849, claims 1, 4, 5, and 6. The patent was considered in this court in 221 Fed. 637, 137 C. C. A. 361, and the claims in suit are there set forth, as is the general nature of the invention. The action then before us was subsequently discontinued, and the present suit begun, against substantially the same parties defendant, but a different article was alleged to infringe. The court below found no infringement and dismissed the bill. Plaintiffs appeal.

T. Hart Anderson and Charles Neave, both of New York City, for appellant.

C. P. Goepel, Arthur Wm. Barber, and Lanier McKee, all of New York City (Hervey, Barber & McKee, of New York City, of counsel), for appellees.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] It is claimed for Stenz that he was the first to produce "sample cards which could be used strictly as such, showing in paper the actual fabric." In the sense that what is made under this patent creates

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the optical illusion of seeing on the cardboard back something which, even on close inspection, it seems possible to pluck from its fastening, the assertion is true. The excellent "article of manufacture," the product, which is described and claimed, is new with Stenz.

In one use of the word, its novelty consists wholly in the perfection of imitation. The new "product" is the production of illusion; i. e., making the eye believe that actual pieces of cloth are in view. But patentable novelty must be more than this. Never can the patent law wholly divorce itself from the idea of "means," for that word suggests or implies the meritorious human effort which it is the object of the law to reward. If successful imitation were per se patentable, the selection and use of a natural product for that purpose would be within the act (cf. Denton v. Fulda, 225 Fed. 537, 140 C. C. A. 521).

[2] Therefore, to support this patent, and avoid the authority of the so-called "paper collar" decisions [1] relied on by defendants, it is necessary to consider by what means, method, or process Stenz obtained a result so desirable commercially, and showed (if he did) that he deserved a patent. The specification shows plainly that he gets his effect and produces what he patents by striking up or embossing on the cardboard backing the panel which is to be colored and drawn upon to represent the pattern, color and weave of the cloth it simulates. He contemplates raising his panel to "a distance substantially equal to the thickness" of the simulated fabric, to the end that he may show "in effect a replica" thereof.

This matter is, after trial, plainer than it was when the patent was here before on motion for injunction pendente lite, and we see no reason to depart from the ruling, then made, that the claims cover only imitation sample cards made by "striking up" portions of cardboard substantially as specified. This limitation must be read into claim 6 (the only one not having it explicitly stated), or else that claim is void.

As thus construed there is no infringement, though the defendants, by (probably) improved methods of color printing and the use of very old "conventional embossing," have come fairly near plaintiff's marked success. They have that right, provided they do not appropriate that which alone validates plaintiff's patent, viz., the "striking up" method of production. Much is made of the alleged fact that defendants have imitated the "characteristic weave" of the simulated fabric. We doubt the fact; but, if they have, such result is reached by old means, not affected or limited by Stenz's invention.

Finding no error in the disposition of the case below, we express no opinion on other matters raised in argument, and affirm the decree appealed from, with costs.

[1] Union Paper Collar Co. v. Van Deusen, 10 Blatchf. 109, Fed. Cas. No. 14,395, and 23 Wall. 530, 23 L. Ed. 128; Same v. Leland, 1 Holmes, 427, Fed. Cas. No. 14,394.