## H. D. SMITH & CO. v. PECK, STOW & WILCOX CO.

(District Court, D. Connecticut. April 26, 1919.)

No. 1482.

1. PATENTS ⬤⇒285—SUIT FOR INFRINGEMENT—JOINDER OF PATENTS.

A mechanical patent and a design patent for the same article may properly be joined in a suit for infringement.

2. PATENTS ⬤⇒62—ANTICIPATION—BURDEN AND MEASURE OF PROOF.

When an unpatented device, the existence and use of which are proven only by oral testimony, is set up as a complete anticipation of a patent, the proof sustaining it must be clear, satisfactory, and beyond a reasonable doubt.

3. PATENTS ⬤⇒328—VALIDITY AND INFRINGEMENT—SCREW DRIVER.

The Ward patents, No. 737,179, for a screw driver, and No. 37,214, for a design for the same, both held not anticipated, valid, and infringed.

4. PATENTS ⬤⇒28—DESIGN—"ORNAMENTAL."

A design may be "ornamental," within Comp. St. § 9475, authorizing patents for ornamental designs, not in the sense of being ornate or bedecked, but in the sense that it has a certain marked appearance which lends beauty or elegance to it.

In Equity. Suit by H. D. Smith & Co. against the Peck, Stow & Wilcox Company. Decree for complainants.

Archibald Cox, of New York City, and Henry E. Rockwell, of New Haven, Conn., for plaintiffs.

Harrie E. Hart, of Hartford, Conn., for defendant.

THOMAS, District Judge. This is the usual suit in equity, at final hearing on pleadings and proofs, based on the alleged infringement of letters patent No. 737,179, of August 25, 1903, for a screw driver, and on patent No. 37,214, granted November 8, 1904, for a design for a screw driver both issued to the plaintiff, as assignee of William S. Ward.

[1] Both patents are properly joined in the same suit. Eclipse Machine Co. et al. v. Harley-Davidson Motor Co. (D. C.) 244 Fed. 463; Crystal Percolator Co. v. Landers, Frary & Clark, 258 Fed. 28.

The mechanical patent in suit, which will be discussed first, was before this court with the same plaintiff and against Southington Mfg. Co., 235 Fed. 160. The judgment there absolving the defendant from infringement was reversed by the Circuit Court of Appeals (247 Fed. 342, 159 C. C. A. 436), and the defendant was held guilty of infringement. It therefore follows that the defendant in the case at bar infringes, if the patent is valid, and the proof of the prior art is insufficient to avoid infringement, because there is no practical varia-

tion in the defendant's screw driver and the screw driver manufactured by the Southington Manufacturing Company.

It is unnecessary to quote the claims of the patent. They are stated in the opinions of the District Court and the Circuit Court of Appeals, supra.

In the Southington Case the defendant was estopped to question validity, because of a written agreement between the parties which compelled the defendant there to admit validity. So the defendant here pleads as its defense invalidity and noninfringement, and both defenses are properly raised here, as there is no agreement of any kind binding upon the parties to this suit.

But this court is bound to apply to this case the views expressed and conclusions reached by the Circuit Court of Appeals, wherever they are applicable, even though the issues here raised are to be considered as original questions.

Respecting the prior art in the Southington Case, Judge Ward said:

"There was nothing in the prior art like the combination of the article."

This conclusion of the appellate court, thus tersely stated, leaves nothing more to do in this case than to inquire whether the proof as to the prior art is any more persuasive than in the Southington Case, and sufficient to defeat the validity of the patent, under the rules of evidence applicable to the proof of the prior art.

The defendant lays great stress upon the additional testimony respecting the prior art, so far as old patents in allied and different arts are concerned, together with the testimony respecting certain unpatented devices, which it is claimed are complete anticipations of the patent in suit. The evidence respecting old patents in various arts is the same as in the Southington Case, plus a few additional patents in arts which seem to me to present no new questions over those presented in the Southington Case. In the latter case and here the defendant introduced three table knife patents, No. 78,328, issued May 26, 1868, to Moses Rubel; No. 86,252, issued January 26, 1869, to Moses Rubel; and No. 172,874, issued February 1, 1876, to James D. Frary; the screw driver patent, No. 267,709, issued November 21, 1882, to Philip Nadig; three wrench patents, No. 553,059, issued January 14, 1896, to Robert C. Ellrich; No. 666,029, issued January 15, 1901, to Amos Shephard; design No. 34,136, issued February 26, 1901, to William S. Ward; and additional patents on wrenches, screw drivers, chisels, and table cutlery.

In addition, the defendant has introduced three other patents—one to Franz Lehmann, No. 96,928, issued November 16, 1869, for a horseshoer's hoof parer; one to Munson, No. 104,056, issued June 7, 1870, relating to rubber-coated carriage trimmings; and one to Conklin, No. 128,020, issued June 18, 1872, for an ice pick and meat maul. These additional patents, I conclude, add nothing substantial to the prior art.

As to the unpatented devices which are claimed to be anticipations of the patent in suit, the evidence here discloses that certain employés of the plaintiff made in the plaintiff's factory certain screw drivers from discarded wrench bars for their personal use as machinists in

and about their work in the factory, and in some instances for their own personal use at home. This was also the evidence in the Southington Case, but in addition the defendant here has put in evidence three other drivers, made and used by three different persons in the plaintiff's employ, and all made prior to the Ward screw driver. Further, the defendant has put in evidence a driver made in two pieces constructed by Kilborn, another employé, which is in no way similar to the driver disclosed by the patent in suit. Many other screw drivers, of different kinds and made by old established hardware manufacturers of Connecticut, were put in evidence as anticipations. It is a fair conclusion that none of them resemble, except in some slight degree, the Ward screw driver. Some parts of one article may resemble it, and other parts of other articles; but none of them contain the combination of the patent in suit, which is a combination of a particular structure with a particular shape.

[2] In the Barbed Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450, 36 L. Ed. 154, the Supreme Court held that, when an unpatented device, the existence and use of which are proven only by oral testimony, is set up as a complete anticipation of a patent, the proof sustaining it must be clear, satisfactory, and beyond a reasonable doubt. I therefore conclude that the defendant, in this aspect of the case, has not met the burden the law imposes upon it.

In Coffin v. Ogden, 18 Wall. 120, 124 (21 L. Ed. 821), the court said:

"The burden of proof rests upon him [the defendant], and every reasonable doubt should be resolved against him. If the thing were embryotic or inchoate, if it rested in speculation or experiment, if the process pursued for its development had failed to reach the point of consummation, it cannot avail to defeat a patent founded upon a discovery or invention which was completed, while in the other case there was only progress, however near that progress may have approximated to the end in view."

So here, even if it be conceded that the various devices represented progress in the art, they cannot avail to defeat a patent founded upon a completed invention.

[3] Upon all the testimony respecting the prior art I must conclude that there is not sufficient additional testimony over that offered in the Southington Case to justify this court in holding that the prior art is sufficient here to defeat the validity of the patent in suit, and, as the Circuit Court of Appeals in the former case held that "there was nothing in the prior art like the combination of the article," it is apparent that the same finding of fact is justified under the evidence in this case.

The description of the plaintiff's screw driver is given by Judge Ward as follows:

"The patented screw driver consists of an integral solid drop-forging, beginning at the top with an oval butt having a flat hammer face, and continuing into a flat handle web, into which scales of an elliptical shape gradually decreasing in width are riveted, continuing into a conical (incorrectly called conoidal in the patent) tapering bolster, continuing into a round shaft, ending up in the flat blade."

It will thus be noted that the combination of the article which the patent covers is a combination of a particular structure with a particular shape, and this article, the proof shows, in this case, the same as in the Southington Case, is very useful, shows a marked progress in the screw driver art, and a very substantial and steady demand has arisen for it, even though it is higher in price than any other driver on the market.

A consideration of each of the prior art patents is unnecessary because there can nowhere among them be found anything approaching the combination of structure and shape which is a distinctive feature of the Ward screw driver as disclosed in the patent in suit.

I therefore conclude that none of the things offered as prior art is the thing patented. The unpatented devices are at best of the kind and character which may be submitted against almost any invention. Some of them may show separately some one or more features or portions of the patented screw driver, but it is apposite to say of them that "there was nothing in the prior art like the combination of the article."

Holding the patent valid, it necessarily follows, and without discussion, that the defendant must be held to infringe. To be sure, there are slight variations; but they are very slight. The variation in the Southington screw driver was even greater, and the Circuit Court of Appeals held that the Southington screw driver was an infringement. A fortiori does the defendant's screw driver infringe, and it therefore follows that there must be the usual decree for the plaintiff on the mechanical patent.

The design patent was issued November 8, 1904, so there is the usual prima facie case made out in favor of the plaintiff.

The defendant insists that the design patent is entirely lacking in validity, because of (a) failure to disclose invention; (b) as not presenting proper subject-matter for a design patent under the statutes, in that there is nothing ornamental in the structure, as that term is used in the statutes; and (c) because the defendant's structure does not have the appearance of the patented structure, either in the pocketing of the handle scales, or in side view in so far as the appearance of the tapering metal of the web at either end of the handle is concerned.

It will not be necessary to discuss the prior art, as I conclude that there is nothing in it which shows or suggests the lines, planes, and angles shown in this patent. I believe the decision as to the design patent turns upon the question of whether the design is ornamental and whether it is invention.

The statute (Comp. St. § 9475) provides that—

"Any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof, and not patented or described in any printed publication in this or any foreign country before his invention thereof, * * * may * * * obtain a patent therefor."

The requisites of a design patent, and the rules pertaining to it, and the interpretation of the statute, have been set forth in recent decisions of the Circuit Court of Appeals for this circuit in the following cases:

Ashley v. Weeks-Numan Co., 220 Fed. 899, 136 C. C. A. 465; Baker & Bennett Co. v. N. D. Cass Co. et al., 220 Fed. 918, 136 C. C. A. 484; Steffens v. Steiner, 232 Fed. 862, 147 C. C. A. 56; Strause Gas Iron Co. v. Wm. M. Crane Co., 235 Fed. 126, 148 C. C. A. 620; Miller Rubber Co. v. Behrend et al., 242 Fed. 515, 155 C. C. A. 291.

In Baker & Bennett Co. v. N. D. Cass Co., supra, Judge Rogers, speaking for the Circuit Court of Appeals, said on page 921 of 220 Fed., on page 487 of 136 C. C. A.: .

"It [the design] must be ornate; it must appeal to the eye of the beholder. The inventor of a design entitled to the protection of a patent must produce a result akin to that produced by the artist or sculptor. His design must be new, and it must be beautiful and attractive."

[4] The shape of plaintiff's screw driver is new, and so far as a screw driver may be made so, by a design which is practical in the uses for which it is made, it is beautiful and attractive. It is even ornamental in a certain sense of the word; perhaps not in the sense of being ornate or bedecked, but in the sense that it has a certain marked appearance which lends beauty or elegance to it. And such is the interpretation to be placed upon the word "ornamental." The transition from the two opposed edges of the shank to the converging flat faces of the blade is unusual and pleasing to the eye, and even from the evidence of the defendant it appears that it may be pleasing to the eyes of some people, and under the law that is sufficient.

Judge Rogers, in the Steffens Case, supra, said:

"To sustain a design patent the design must involve something more than mere mechanical skill. There must be invention."

As nearly as one can approach to invention of design in a screw driver, we have it here. The lines, planes, and angles, and the combination of triangles formed by the intersection of the planes at the region where the square shank merges into the blade, may fairly be said to be new and original, and thus to constitute invention of design. In fact, the whole structure is pleasing to the eye and is novel in design.

While it is true that the defendant's screw driver is not a Chinese copy of the plaintiff's driver, nevertheless it is such a close copy of it that they must be held closely together in order to enumerate the differences. There can be no question but that the ordinary purchaser, when handed the defendant's driver, would conclude he was purchasing the plaintiff's driver, if he could not see them side by side. The variations are so slight as not to avoid infringement, and it follows that there must be a decree for the plaintiff; and it is

So ordered.