### BAKER et al. v. HUGHES-EVANS CO. et al. (three cases).

(Circuit Court of Appeals, Second Circuit. November 10, 1920.)

Nos. 31–33.

1. **Patents ⬪328—For wall receptacles and designs for same void for lack of invention.**
    The Baker patents, Nos. 1,239,076 and 1,267,353, and Baker design patents, Nos. 50,291 and 51,165, all relating to wall receptacles in bathrooms for soap and toilet articles, *held* void for lack of patentable invention.

2. **Patents ⬪43—For design must show originality and beauty.**
    A mere change in construction, displaying no originality and no added beauty, cannot be the subject of a design patent.

Appeal from the District Court of the United States for the Southern District of New York.

Three suits in equity by Stephen D. Baker and the Fairfacts Company, Incorporated, against the Hughes-Evans Company and W. R. Hughes, individually and doing business as W. R. Hughes & Co. Decrees for defendants, and complainants appeal. Affirmed.

All the decrees appealed from were of dismissal, and all the suits in which they were entered were brought upon patents and claimed infringement.

The first suit is upon patent 1,239,076, and design 50,291. The first and most general claim in the mechanical patent is as follows: "A wall re-

---

⬪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ceptacle, including, integrally formed, a pair of spaced upright substantially rectangular sides, and a concavo-convex receiver wall open laterally and joining said sides and forming top, bottom and back walls, and having its top and back wall portions in part substantially flush with the top and back edges of said sides, respectively, and thereupon merging into each other in a curve of relatively large radius." The claim of the design patent is the "ornamental design substantially as shown" for a "wall receptacle for soap and other toilet articles." Both these patents may be conveniently alluded to as covering a "lip receptacle."

The second suit is upon patent 1,267,353, whereof the first claim is as follows: "As an article of manufacture, a one-piece holder for soap or the like article formed with a draining surface sloping downwardly and forwardly clear to the front of the holder, an upstanding back abutment for the article and a plurality of limited contact article supporting projections upstanding from said surface and having their tops sloping rearwardly and downwardly." This patent may be alluded to as covering a "flush receptacle."

The third suit was brought on the design patent 51,165, which claims a "new and ornamental design for a built-in wall receptacle," and this patent may be referred to as covering a "hooded receptacle."

All the above patents were issued to the plaintiff Baker, under whom the corporate plaintiff (of which Mr. Baker is the president) is exclusive licensee. The court below found lack of invention in each case and plaintiffs appealed.

John W. Steward, of Paterson, N. J., and William Houston Kenyon, of New York City, for appellants.

Oscar W. Jeffery, of New York City, for appellees.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). **[1]** Evidence reveals, as the reason for all these patents, that for some years bathrooms have increasingly contained tubs which are "made a part of one or more walls," or the tub is "set up with its rim projecting into the wall." From this it follows that projecting soap holders and similar adjuncts are somewhat in the way. This has led to the insertion in the wall of accessories of many kinds; e. g., soap dishes, toilet rolls, etc.

In respect of the mechanical patent for the lip receptacle, it is particularly insisted that the "pair of spaced upright substantially rectangular sides" disclose (when combined with the "concavo-convex wall") a device not only peculiarly easy to clean, but one well adapted to secure ease in wall insertion and strength when set in the usual cement.

We cannot agree with appellant that these advantages (assuming them to exist) constitute sufficient evidence of invention. Wall recesses filled with integrally constructed drinking fountains, medicine closets, urinals, etc., are confessedly old.[1] To make a soap dish or any other toilet accessory in such shape that it would be convenient for the tile workers' purpose amounted on the evidence to no more than the effort of the "intelligent artisan" referred to in New York, etc., Co. v. Sierer, 158 Fed. 819, 86 C. C. A. 79.

[1] See especially Cassel, Br. 7,939, of 1901, Watson, Br. 2,818, of 1859, and the numerous trade catalogues in evidence.

The flush receptacle patent consists essentially in cutting off the lip of the wall-inserted soap dish and providing backwardly sloping ribs to keep the soap in place and forwardly sloping channels for drainage. When such a device is put up over a "set-in" bath tub the drainage is said to flow into the tub without offending even the neatest housewife. Whether the embodiment of this idea of oppositely sloping ribs and channels constitutes invention is a question not necessary to answer in the abstract; the history of the device provides a rule of decision.

The drawing and specification of the flush receptable patent shows that across the upper portion of the open face is a grip or handle integral with the soap holder itself. This was required by the builder of a large hotel recently completed in New York City, and was intended to insure the safety of one using a shower bath fixed over a set-in tub. The hotel builder knew and declared what he wanted; his architect communicated the requirement (in effect) to plaintiffs and to defendants. On evidence which we can hardly regard as conflicting, we find that the designers of both parties to this litigation promptly and easily produced the same solution of the problem, if it can be called one. This suggests application of the principle announced by Townsend, J., in Thomson-Houston, etc., Co. v. Lorain, etc., Co., 117 Fed. 253, 54 C. C. A. 285, viz.:

"Where a number of workers in a single field, when confronted by an obstacle to the development of a device, naturally, and practically contemporaneously, independently substitute one well-known material for another, * * * the presumption is raised that such workers rightly regarded the substitution as a mere improvement, * * * such as would be adopted or selected by the skilled workman."

The subject-matter of that litigation was different from and far more difficult than that now before us, but the rule is similar. It is not one of law, but of evidential values, and is that, when a matter of no complexity is promptly and easily solved in an obvious way by independent workers, invention can rarely be found in the solution; and we can find none in this patent.

The design patents may be considered together. That for the lip receptacle is open to the criticism that its desirable features are functional rather than ornamental. Weisgerber v. Clowney (C. C.) 131 Fed. 477; William, etc., Co. v. Neverslip, etc., Co. (C. C.) 136 Fed. 210, affirmed 145 Fed. 928, 76 C. C. A. 466. It is true, as pointed out in Bayley, etc., Co. v. Standart, etc., Co., 249 Fed. 478, 161 C. C. A. 436, that the same device or article may exhibit patentable mechanical invention and a patentable design; but it is not true that the design can ever be used to appropriate (per se) the mechanical function. The two inventions must be separable; otherwise, it would be a contradiction in terms to grant two patents for them.

We are, however, unable to discover any excellence meriting the protection of a design patent either in the lip receptacle or the hooded one.

[2] We adhere to the opinion that mere change in construction, displaying no originality and no added beauty, cannot be the subject of

a design patent. Dietz v. Burr, etc., Co., 243 Fed. 592, 156 C. C. A. 290. A subject-matter so utilitarian as the fittings of a bathroom is not far removed from the "sad iron" of Strauss, etc., Co. v. Crane Co., 235 Fed. 130, 148 C. C. A. 620. But, even if a soap dish may with difficulty lend itself to æsthetics, these designs, which involve nothing but a lip in one (obviously to catch drainage) and a hood on the other (obviously to keep out the spatter of a shower bath), make no appeal to the eye, enabling them to escape from rules stated in Bayley v. Standart, supra, and the decisions there cited.

Decrees affirmed, with costs.