## MATHIEU v. MITCHELL VANCE CO., Inc.

(Circuit Court of Appeals, Second Circuit.
June 8, 1925.)

No. 383.

Patents ⊙➝328—Mathieu, 1,354,262, for light globe, held valid.

The Mathieu patent, No. 1,354,262, for a globe for lighting fixtures, held not invalid for double patenting over the earlier Mathieu design patent, No. 55,296; the structural patent being capable of infringement without using the patented design.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Grace E. Mathieu against the Mitchell Vance Company, Inc. Defendant appeals from an order granting a preliminary injunction. Affirmed.

Suit is upon patent 1,354,262, and all the claims thereof, of which claim 3 is as follows:

"A unitary, translucent globe for lighting fixtures having an outer, frusto-conical, reflecting and diffusing member, a reflecting and diffusing member at one end of said outer member, and an inwardly extending diffusing and reflecting member at the other end of said outer member, said inwardly extending member comprising a central convex portion and a peripheral frusto-conical portion."

The application for this patent was filed June 23, 1919, and its drawings obviously show a globe of the same exterior as that of the same applicant's design patent 55,296, which was applied for June 10, 1919, and issued some four months before the structural patent above referred to.

Under these two patents the inventor (plaintiff's assignor) exclusively licensed the defendant, and the defendant licensee agreed, inter alia, to press the patented article for sale under the title "T. R. B. lighting unit." Defendant had the right to terminate this license by giving three months' notice of its intention so to do. It proceeded to manufacture under this license, advertised as it agreed to do, and seems to have registered as its own the mark "T. R. B.," by which the lighting fixture was made known.

In time defendant wearied of its bargain, as expressed in the license; so it terminated the agreement, as it had a right to do, declared that its attorneys had advised that the patents were invalid, but continued to make and sell, without paying anything therefor, the same article which it had made and sold under the license under the same name, "T. R. B.," and also continued to advertise that the article they sold was fully protected by patents.

Appellant's intentions seem to have been sufficiently declared by its president in a letter in evidence, which shows that litigation like the present was expected, but (said defendant), "if the Mathieu patents are declared valid by the courts, we will have substantial claims for damages against infringers in the past, and if the patents are declared invalid we will be in the strongest position to sell the T. R. B., having advertised it widely and being the owners of the trade-mark; * * * a case like this cannot be adjudicated in less than two years, so there is no reason why we should worry about going ahead and selling the unit in as large a manner as possible. * * * If the Mathieu interests succeed in having the patents validated, it will be to their interest to put the contract back in our hands exclusively, as we will be in the strongest position to manufacture and sell it in a big way."

It appears that the particular form of globe shown by design 55,296 was difficult to make, and that in point of fact the only form of globe made by defendant during the term of its license, as well as subsequent to the termination thereof, was another form, covered by another design patent of the same inventor, No. 64,122. The present suit counts upon this last design patent, as well

as on the structural patent; but the injunction order complained of enjoins defendant from nothing except that particular violation of No. 1,354,262 put out by defendant under the trade-mark "T. R. B."

Dodson & Roe, of New York City, for appellant.

Robert S. Blair, of New York City (Edward M. Evarts, of New York City, on the brief), for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Since defendant had good right to terminate the license granted to it at any time, it had the right also to identify the Mathieu patent with its own trade-mark, and then throw the patent aside and take the risk of infringing under its favorably known trade-mark. There was no estoppel created by the fact that defendant was once an exclusive licensee; but the morals of the situation above depicted need no comment.

The only substantial defense pleaded is that design 55,296 and structural or mechanical patent 1,354,262 constitute a case of double patenting within Miller v. Eagle, etc., Co., 151 U. S. 186, 14 S. Ct. 310, 38 L. Ed. 121. This means that a question of fact must be decided, viz.: Does the structural patent show anything more than or different from the design patent?

It was pointed out by the court below that the design patent does not indicate the material for the globe; and, if some kind of glass be assumed, the design does not show what kind—whether (e. g.) translucent, transparent, or opalescent. Neither does the design patent indicate how the globe is to be made; whether unitary or in parts. In short, the design, as always, appeals to the eye alone; it indicated an artistic result, and gives no direction as to how that result is to be reached.

But the structural patent claims a combination of members described in mechanical or mathematical terms; so that (e. g.) the claim above quoted, read in the light of the disclosure, plainly puts forward as invention a unitary globe responding to certain laws of optics regarding the reflection and diffusion of light. The proposition here is in a true sense the same as that treated by us in Bayley v. Standart, etc., Co., 249 F. 479, 161 C. C. A. 436. For there might be a globe presenting the optical situation of the structural patent, which did not have the shape of its copending design patent. Indeed, the history of this invention goes to prove this very thing, for the plaintiff's proposition is that defendant is infringing with a globe that corresponds to design 64,122, and which is exactly the same globe as it made when licensed under 1,-354,262.

There is no evidence that the optical combinations embodied in defendant's T. R. B. unit are not the same combinations as those covered by the structural patent in respect of which defendant has been enjoined. For the reasons now stated, we are satisfied that said structural patent is not a case of double patenting over the earlier design. Defendant's present position is an afterthought, for otherwise it would never have paid tribute under the structural patent for an object which externally did not look like that design patent, which is now asserted to have invalidated the patent in suit. Nothing except this alleged double patenting is set forth in support of this appeal.

We have not found it necessary to consider the effect, if any, of the copendency of design 55,296 and No. 1,354,262; nor have we overlooked the fact that the patent in suit is as yet unadjudicated. It is enough to note that for many years lack of adjudication has not prevented injunction pendente lite in a proper case, and we think this is such a case.

Order affirmed, with costs.