## PUTMAN v. BEAVER STATE SHINGLE CO.
### No. 9058.

District Court, D. Oregon.
March 17, 1930.

Decree affirmed 46 F.(2d) 353.

Maurice W. Seitz and C. D. Christensen, both of Portland, Or., for plaintiff.

W. H. Masters and T. J. Geisler, both of Portland, Or., for defendant.

BEAN, District Judge.

This is a suit for infringement of patent issued to plaintiff in March, 1926, for an "imitation shake shingle." The object of the

patent as set forth in the specifications is "the production of a wooden shingle having the appearance of a split shake when laid and yet giving all of the warmth usually obtained from sawed shingles and at the same time capable of being laid with no greater difficulty than is the sawed shingle" and "to secure the much desired appearance of a shake roof or·to improve upon such appearance while at the same time avoiding the several important attendant drawbacks present with the old form, namely, the difficulty in laying the shingles without breaking them and the entire inability to keep out the air currents since the grooves in the split shingles necessarily extend the entire length of the top surface. * * * In practice the shingles which are very much larger than shingles common in the east, are sawed in the ordinary manner forming a smooth plane tapered shingle which is then passed under a battery of saws, or cutters adapted to produce a wavy effect to that portion of the surface of the shingle which is exposed to the weather." The claims are: (1) "A tapered shingle having a plane back and a face plane towards the upper or thin edge of the shingle and fluted in smoothly curved waves throughout the exposed area toward the thick edge, whereby the thicker portions when laid as a roof or wall will simulate shake shingling and the thinner portions will insure airtightness." (2) "A tapered shingle having a plane back and a face plane towards the upper or thin edge of the shingle and fluted in shallow wide waves throughout the exposed area toward the lower or thick edge, each of said waves being cut by a plurality of slight parallel grooves."

It thus appears that plaintiff's patent was intended to produce no new or beneficial result, nor is it an improvement on previous devices as far as practicable results are concerned. It is merely an imitation of a well-known article. It consists of an ordinary sawed shingle enlarged with a part of one side fluted or waved in such a manner that it simulates or imitates the natural appearance of the common split shake, which is made by splitting a piece of timber longitudinally, leaving the surface fluted or waved according to the grain or fibre of the wood.

The law seems to be settled that a mere imitation of a well-known article is not patentable unless there is novelty in the means by which the imitation is carried out, and then the question of infringement hinges on the infringement of the means and not the result. Union Paper Collar Co. v. Van Deu-

sen, 10 Blatchf. 109, Fed. Cas. No. 14395; Id., 23 Wall. 530, 23 L. Ed. 128; Simplex Lithograph v. Renfrew (C. C. A.) 250 F. 863; Harmon Paper v. Prager (C. C. A.) 287 F. 841; Scott & Williams v. Aristo Hosiery Co. (C. C. A.) 7 F.(2d) 1003.

It follows therefore that the plaintiff's patent is without novelty and the bill should be dismissed, and it is so ordered.