**APPEL et al. v. LILLING.**

District Court, S. D. New York.

April 26, 1945.

David J. Moscovitz, of New York City (Mock & Blum and Percy Freeman, all of New York City, of counsel), for plaintiffs.

Irving Frederick Goodfriend, of New York City, for defendant.

GODDARD, District Judge.

The defendant has moved for summary judgment under Rule 56 dismissing the complaint on the ground that the patent on which the suit is based is invalid for double patenting.

The suit is for the infringement of Patent No. 2,256,645. This patent, issued on September 23, 1941, to Florence Kuhlman on an application filed March 28, 1941, and assigned to Robert Appel, is for a decorative material, such as may be used on handbags. Claim 2 of the patent is typical: "In a decorative material, a plurality of decorative units arranged side by side each comprising a hollow rigid member having sloping sides, and pairs of opposed openings in said sides, said units being arranged with their bases in edge to edge relation, and a transverse series of interlaced tapes passing through the aligned pairs of said opposed openings to interconnect the units."

It appears from the motion papers that the plaintiffs had also owned Design Patent No. 121,439, issued to Florence Kuhlman on July 9, 1940, on application filed May 21, 1940, and assigned also to Robert Appel. The design protected by this patent was for a handbag or similar article. The claim is limited to the design shown in the drawing, which consists of a number of plaques arranged in rows on the surface of the handbag with links between the holes in the sides of the adjacent plaques. There can be no doubt but that the drawings for the two patents are of similar decorative material.

The precise question is whether the two patents are identical so as to be subject to the defense of double patenting. To arrive at a decision on this question the claims of the two patents must be ex-

amined to see if they are identical. See Western Electric Co. v. General Talking Pictures Corp., 2 Cir., 91 F.2d 922, 926, affirmed 304 U.S. 175, 546, 58 S.Ct. 849, 82 L.Ed. 1273. I believe that the claims of the two patents are not sufficiently identical to be subject to this defense.

The design patent is for an ornamental design formed by rows of plaques with certain indicated features. The plaques of the article patent are not so limited. Substantially changing the design on the top of the plaques would take the design outside of the protection of the design patent. Nevertheless, if strung on tapes, these plaques would infringe on the article patent. The design patent does not show what the connecting links are, nor whether they serve any function. The article patent provides for tapes running through all of the plaques in a line. The plaques in the design patent might be solid, whereas they must be hollow to come within the claims of the article patent. The plaques in the design patent might be fastened to the bag in any number of ways, such as by stitching, or by stapling. But under the article patent, the plaques must be fastened to the bag by means of the transverse tapes. The plaque surface in the design patent might be either flexible or rigid; whereas the plaque surface of the article patent is flexible. In the design patent the side of the bag might be one single solid piece shaped and colored as indicated. Under the article patent the side of the bag must be made up of a number of small units.

The design patent is based on eye appeal; whereas the article patent is based on the combination of the hollow plaques with transverse tapes running through the plaques and holding them together. Patent No. 2,256,645 relates to the construction. Design Patent No. 121,439 covers only the external appearance. This difference distinguishes the design from the later article patent, avoiding double patenting. Mathieu v. Mitchell Vance Co., 2 Cir., 7 F.2d 837; Bayley & Sons, Inc., v. Standart Art Glass Co., 2 Cir., 249 F. 478; Murdock v. Vaughan Novelty Mfg. Co., Inc., 51 U.S. P.Q. 214, affirmed 7 Cir., 131 F.2d 258. The case of H. C. White Co. v. Morton E. Converse & Son Co., 2 Cir., 20 F.2d 311, is not in point, since the article patent was for the same claimed invention as the design patent.

Motion denied.

Settle order on notice.