Hartwig Herzog et al., Appellants, v. Nathan H. Heyman, Respondent, Impleaded with Max Siesfeld.

1. Sale of Patent — Invalidity of Patent, as Defense to Action for Purchase Price. The vendee of a patent may defend an action for the purchase price (which may consist of royalties) by showing a failure of consideration through the invalidity of the patent.

2. Judgment of Infringement. A judgment of a court of competent jurisdiction, rendered against the vendee of a patent in an action to which the vendor was not a party, adjudging the patent to be an infringement and compelling the vendee to account to the owners of another patent for damages upon all sales by him of the infringing article, constitutes a *prima facie* defense to an action for the purchase price of the infringing patent.

3. Construction of Contract. Very clear evidence is requisite to permit a contract for the sale of letters patent to be construed, not as calling for a valid patent, but as contemplating a transfer of the letters merely, irrespective of whether they were valid or not, with an assumption by the vendee of the risk of their invalidity.

4. Jurisdiction of State Court. The jurisdiction of a state court to determine, in an action upon contract for the purchase price of a patent, that the agreement sued upon was without consideration, is not precluded by the fact that the defense of want of consideration depends upon the construction or validity of the patent.

5. Reassignment of Patent. The reassignment of the patent by the vendee to the vendor is not necessary as a condition of interposing the defense of failure of consideration to an action for the purchase price of a patent.

*Herzog* v. *Heyman*, 8 Misc. Rep. 27, affirmed.

(Argued January 27, 1897; decided February 9, 1897.)

Appeal from so much of an order and judgment of the General Term of the Superior Court of the city of New York, entered June 14, 1894, as modified an order and judgment of Special Term by overruling the plaintiffs' demurrer to the defense, consisting of new matter, set forth in the seventh paragraph of the answer of defendant Heyman, and vacating an award of costs to plaintiffs.

This action was brought to recover royalties alleged to be due under an agreement, in writing, made in April, 1888, whereby plaintiffs permitted defendants to manufacture and

sell filters under letters patent owned by plaintiffs, and agreed by them to be assigned to the defendants.

The facts, so far as material, are stated in the opinion.

*Abraham L. Jacobs* for appellants. The defense, consisting of new matter in paragraph 7 of the answer, is insufficient in law upon its face, as it is based upon the theory that the invalidity of the Klein patent constitutes a failure of consideration for the covenants by the defendant Heyman to pay royalties. (*Montgomery* v. *Waterbury*, 50 N. Y. S. R. 521; *Hyatt* v. *Ingalls*, 124 N. Y. 93; *Saltus* v. *Belford Co.*, 133 N. Y. 499; *Marston* v. *Swett*, 66 N. Y. 206; 82 N. Y. 526; *Maitland* v. *Drew*, 14 Misc. Rep. 60; *Denise* v. *Swett*, 68 Hun, 188; Robinson on Patents, §§ 1230, 1239; *Littlefield* v. *Perry*, 21 Wall. 205; *Stone* v. *State of N. Y.*, 138 N. Y. 124; *Collins* v. *Hydorn*, 135 N. Y. 320; *Hyatt* v. *D. T. Mfg. Co.*, 8 N. Y. S. R. 633; Code Civ. Pro. § 508.) This court has no jurisdiction of the subject-matter of the affirmative defense set forth in paragraph 7 of the answer. (*Waterman* v. *Shipman*, 130 N. Y. 308; *C. S. S. Co.* v. *Clark*, 100 N. Y. 368; *Hartell* v. *Tilghman*, 99 U. S. 547; *Hyatt* v. *Ingalls*, 124 N. Y. 102; *Hyatt* v. *D. T. Mfg. Co.*, 8 N. Y. S. R. 632; *Mayer* v. *Hardy*, 127 N. Y. 130; *H. S. M. Co.* v. *Reinoehl*, 102 N. Y. 170.)

*Alan D. Kenyon* for respondent. The defense set forth in paragraph 7 of the amended answer is good and sufficient in law upon its face. (*Marston* v. *Swett*, 82 N. Y. 526; Walker on Patents [3d ed.], 257, § 307; *D. B. M. Co.* v. *E. M. Co.*, 57 Fed. Rep. 985; *A. B. T. Co.* v. *National Co.*, 27 Fed. Rep. 666; *E. M. Co.* v. *Miller*, 41 Fed. Rep. 352; *Lovejoy* v. *Murray*, 3 Wall. 1; *Celluloid Co.* v. *Chrolithian Co.*, 24 Fed. Rep. 275; *Miller* v. *Leggett*, 7 Fed. Rep. 91; *U. S. F. Co.* v. *Asbestos Co.*, 4 Fed. Rep. 813; *Robbins* v. *Chicago*, 4 Wall. 657; 3 Robinson on Patents, § 1176; *Stacey* v. *Thrasher*, 6 How. [U. S.] 59.) The court below had jurisdiction to entertain and decide the defense contained

in the 7th paragraph of the amended answer. (*Saxton* v. *Dodge*, 57 Barb. 112; *D. T. M. Co.* v. *Hyatt*, 125 U. S. 46; *Hyatt* v. *Ingalls*, 124 N. Y. 93; *Denise* v. *Swett*, 68 Hun, 188; *Waterman* v. *Shipman*, 130 N. Y. 307, 308; *Marston* v. *Swett*, 66 N. Y. 212; 82 N. Y. 526; *W. & M. M. Co.* v. *Wilson*, 16 J. & S. 159; *Wilson* v. *Sanford*, 51 U. S. 109; *Brown* v. *Shannon*, 61 U. S. 55; *Hartell* v. *Tilghman*, 99 U. S. 547; *Albright* v. *Teas*, 106 U. S. 613; *Kinsman* v. *Parkhurst*, 59 U. S. 18; *Brown* v. *Atwell*, 92 U. S. 327.)

ANDREWS, Ch. J.    The agreement of April, 1888, was, in its main purpose, an agreement for the sale by the plaintiffs to the defendants of the patent No. 367,212, for an improved filter, issued by the United States to one Klein, July 26th, 1887, which had been assigned by the patentee to the plaintiffs. The agreement of the defendants to pay to the plaintiffs a royalty of fifty dollars on each machine which should be sold by them was the consideration which the plaintiffs were to receive for the sale and assignment of the patent. The contingency which would change the obligation of the defendants from a royalty to a percentage of profits has not happened, and need not be considered. The seventh defense demurred to by the plaintiffs embraces the defense of want of consideration. It alleges that on about the 8th day of July, 1889, a suit was brought in the United States Circuit Court in Pennsylvania by Simon Uhlmann and Fred Uhlmann, against the Arnholt & Schaefer Brewing Company, for an alleged infringement of a patent issued by the United States to one Stockheim, for a filtering process, February 21st, 1888, of which patent the said Uhlmanns were assignees; that the alleged infringement consisted in the use by the brewing company of one of the filters made under the Klein patent, sold to the company by the defendants; that the defendants on the sale guaranteed the company against suits for infringement based upon its use of the Klein machine; that they appeared and defended this suit, which resulted in a decree January 4th, 1893, adjudging that the use of the Klein filter by the brewing company

was an infringement of the Stockheim patent and enjoining its further use, and awarding damages to the plaintiffs in the action. The defense demurred to further alleges that the defendants and their customers have been ousted and evicted from the use of the Klein filters, and the defendants have been prevented from making and selling them; that the plaintiffs had no exclusive right of manufacture or sale under the Klein patent, but that their right or claim was subordinate to the rights of the owners of the Stockheim patent, and that the right or claim under the Klein patent was incapable of use and worthless, and that the agreement sued upon was without consideration.

We think the defense demurred to was on its face a good answer to the action. The plaintiffs not being parties to the suit in Pennsylvania are not bound by the judgment rendered therein. But so long as the judgment stands, it is conclusive as between the defendants and the owner of the Stockheim patent, that the Klein patent was an infringement of the Stockheim patent. The defendants can neither manufacture nor sell the Klein machine, and they are liable to the owner of the Stockheim patent for damages for all machines sold by them, whether before or after the commencement of the suit in the United States court. If, therefore, it should also be established as against the plaintiffs on the trial of this present action that the Klein patent infringes the Stockheim patent, it will follow that there was no consideration for the promise of the defendants. The doctrine that the purchaser of a patent may defend an action for the purchase price, if the patent is void, has been recognized in many cases. (*Marston* v. *Swett*, 66 N. Y. 212, and cases cited; *S. C.*, 82 id. 526.) This is especially true where a decree has been found against the purchaser, rendered by a court of competent jurisdiction, adjudging the patent to be an infringement, thereby depriving him of any beneficial use thereof, and subjecting him to account to the owners of another patent for damages upon all sales by him of the infringing machine, whenever they may have been made. It is insisted, however,

that all that the plaintiffs agreed to sell, or the defendants attempted to purchase, were the letters patent No. 367,212, irrespective of the fact whether they were valid or not. It was, as the plaintiffs insist, an agreement to sell their right, if any, under the letters, the defendants assuming the risk of their validity. It would, of course, have been competent for the parties to have entered into an agreement of the character suggested, but very clear evidence of such an agreement should be found before permitting a contract for the sale of letters patent to be so construed. The parties, generally, contemplate a transfer by the vendor to the vendee of an exclusive right vested in the former. " The thing to be assigned is not the mere parchment on which the grant is written; it is the monopoly which the grant confers; the right of property which it creates." (*Gayler* v. *Wilder*, 10 How. [U. S.] 493.) But reference to the agreement in this case discloses that the parties were dealing with what they regarded as a valid patent. It is recited that the parties of the first part (plaintiffs) " represent that they are the owners of certain letters patent ; " that the parties of the second part " are desirous of acquiring a good and indefeasible title in and to said letters patent." It is declared that " in consideration of the foregoing recitals and of the payment," etc., an assignment shall be made of " an indefeasible title to said patent," and which assignment " shall vest in the parties of the second part the unquestioned right to said patent." It is further provided that so long as the parties of the second part shall manufacture and sell the filtering machines " embraced in and protected by said letters patent," certain things are to be done. The clear import of the agreement is that both parties understood that they were dealing in respect to a real right secured under the patent, and that their mutual covenants were based on this assumption.

The point that the defense involved an inquiry by a state court as to the validity of a patent, and whether as between two patents one was an infringement of the other, which a state court has no jurisdiction to consider or determine, is not new. The issue made was that the agreement sued upon

was without consideration.    This is one of the most ordinary questions involved in actions upon contract.    The jurisdiction of a state court to determine it is not precluded because the defense of want of consideration depends upon the construction or validity of a patent.    The inquiry as to the validity of the patent comes in collaterally in determining the main issue of consideration, and of a question so arising the state courts have jurisdiction. (*Marston* v. *Swett, supra ; Hyatt* v. *Ingalls,* 124 N. Y. 93; *Meserole* v. *Paper Collar Co.,* 6 Blatch. 356.)

It was not necessary for the defendants to reassign the patent as a condition of interposing the defense.  If they were seeking some affirmative relief, as a rescission of the agreement, or to recover money paid under the agreement, an offer to return the patent might be a condition precedent.

We think the demurrer was properly overruled, and the order should, therefore, be affirmed.

All concur.

Order affirmed.