CARY MFG. CO. v. NEAL et al.

(Circuit Court, S. D. New York. November 22, 1898.)

1. PATENTS—ANTICIPATION—DESIGN PATENT.
   An inventor who has obtained a patent for an article of manufacture, which patent discloses the design thereof, cannot, on an application made two years later, obtain a valid patent for such design.

2. SAME—DESIGN FOR BOX-FASTENER.
   The Cary design patent, No 28,142, for a box-fastener, is void for anticipation by patent No. 450,753 to the same patentee for the article itself.

This is a suit in equity by the Cary Manufacturing Company against Bernard B. Neal and others for infringement of a patent.

A. G. N. Vermilya, for plaintiff.

Robert Stewart, for defendants.

WHEELER, District Judge. This suit is brought upon design patent No. 28,142, applied for October 15, 1894, dated January 11, 1898, and granted to Spencer C. Cary, for a box-fastener. The specification states that:

"The design consists, primarily, in a box-fastener having ends bounded by curved lines and upwardly or downwardly extending prongs, with openings in the material, the main surface of which is plain, and the essential features are a plain, flat body, bounded at the sides by substantially straight lines, and at each end by a curved line, having near each end openings in the face, and prongs extending from the sides of the openings at substantially right angles to the surface of the main body of the fastener."

The claim is for:

"The design for a box-fastener substantially as herein shown and described."

The answer sets up, among other patents, as anticipations, No. 450,-753, dated April 21, 1891, and granted to Cary.

. It is said that an inventor of a machine or manufacture may have a patent for the thing, and another for the design of the thing. This may be true; but the description of the thing would show the design, and an inventor cannot have a valid patent applied for two years later for what is described in a prior patent to himself, any more than in one to another. Campbell v. James, 104 U. S. 356. What is in that patent may limit the right, therefore, to a valid patent for what is in this. The specification there states:

"My invention consists in a box-strap composed of a metal strip or plate of suitable length, the edges of the opposite ends of which are curved in outline, and having a corrugation at or upon and along its side edges and said curved end edges, and provided with tongues, one or more, at or near the strap ends, and within the line of the said edge corrugations cut from the strap-body, and bent at an angle to the face of the strap which is opposite to the corrugated face thereof, substantially as and for the purpose hereinafter set forth." "I am aware that box-straps have been heretofore formed with tongues cut from the strap-body and bent at an angle to the face thereof, and hence I make no claim thereto, broadly, herein. I am also aware that box-straps have been formed with their end edges curved in outline, and therefore I make no claim to such form of the said edges, broadly, herein."

And the claim is for:

"As an article of manufacture, a box-strap composed of a metal plate or strip, the end edges of which are curved in outline, and having a corrugation which is continuous at, along, and upon the side edges, and said end edges and tongues at or near the strap ends cut from the strap-body within the line of said edge corrugation, and bent at an angle to the face of the strap which is opposite to the corrugated face thereof, substantially as and for the purpose set forth."

What are there called tongues cut from body of the strap, and bent at an angle to the face, are the same as what are in the patent in suit called prongs extending from the sides of the openings at substantially right angles to the body. These extracts from that patent show that a plain strap-body, with curved ends, which would imply straight sides, and prongs extending at an angle from openings which would or well might be substantially a right angle, were known to the inventor before, and disclaimed, and that he claimed and obtained a patent then for the addition of a corrugated edge all around. The patent in suit is for the same thing, in substance, without the corrugated edge then added. The design of the thing disclaimed would be as well disclaimed as the thing itself, and another patent for it as well barred, if the difference in design arising from leaving off the corrugated edge would be at all patentable. The inventor says in his testimony for the plaintiff:

"I find that patent No. 450,753 is different from the design in issue, in that it has a corrugation on the face of the same, and not a plain, flat body, and that the openings in the same are of different shape, and also the prongs that are thrown up at right angles with the face are corrugated, and also of different shape from the device in issue."

But the corrugation described is upon the edge, leaving within it a plain, flat body; and no mention is made in the specifications or claims of either patent of the shape of the openings or prongs, or of any differences between them. According to these views, the patent in suit seems to be wholly without foundation. Bill dismissed.