## H. C. WHITE CO. v. MORTON E. CONVERSE & SON CO. et al.

Circuit Court of Appeals, Second Circuit.
June 6, 1927

No. 327.

**1. Patents ☞328—48,957, for child's tricycle, held invalid for lack of appeal to eye.**

Design patent, No. 48,957, for a child's tricycle, *held* invalid for lack of proportion, ornament, or style creating appeal to the eye.

**2. Patents ☞28—Disclosure of design patent must have rudimentary æsthetic appeal.**

Disclosure of design patent must at least have a rudimentary æsthetic appeal.

**3. Patents ☞328—1,220,038, for child's tricycle, claim 2, held valid and infringed.**

Patent No. 1,220,038, for a child's tricycle, claim 2, *held* valid and infringed.

**4. Patents ☞17(1)—Courts, in determining invention from discovery, in putting to use that which is obvious, look to history.**

In determining invention from a discovery, in putting to use that which is obvious, courts look rather to history than to own powers of divination.

**5. Patents ☞17(1)—Invention, as concerns new structures, is to be gauged by directing conception, and not by necessary physical changes.**

Invention is not to be gauged by necessary physical changes of a new structure, so long as there are some, but by directing conception, which alone can beget them.

**6. Patents ☞71—Design patent may anticipate mechanical.**

A design patent may anticipate one that is mechanical.

**7. Patents ☞120—Courts may assume that design patent, anticipating mechanical, issued to same inventor, results in double patent.**

In case design patent anticipates a mechanical one, both of which are issued to same inventor, courts may assume that it results in double patent.

**8. Patents ☞129(3)—In suit for royalties, licensee may not dispute validity of patent.**

Licensee may not dispute the validity of patent in a suit for royalties.

**9. Patents ☞1—"Patent" is bargain between sovereign and inventor.**

A "patent" is a bargain between sovereign and inventor, in which consideration moving to inventor is the grant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Patent (of Invention).]

**10. Patents ☞120—Where mechanical patent, anticipated by design patent to same inventor, was declared invalid, there was no double patenting.**

Where design patent had not expired at time when decree declared it void, second grant for mechanical patent, anticipated by design patent, did not result in double patenting, since a subsequent valid patent is not invalidated, because of original dedication, by patent subsequently declared invalid before expiration.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the H. C. White Company against the Morton E. Converse & Son Company and others. Decree of dismissal, and plaintiffs

appeal. Affirmed in part, and in part reversed and remanded, with directions.

Appeal by the plaintiff from a decree of the District Court for the Southern District of New York, dismissing a bill in equity upon a mechanical patent to White, No. 1,220,038, and a design patent to the same inventor, No. 48,957, for a child's tricycle.

The tricycle has a solid horizontal wooden seat, wide at the rear, narrow in the mid-portion and wide again at the front. The two rear wheels are fixed to a vertical transverse solid piece of wood below the seat, called a "bolster," which is itself reinforced by a bracket running forward from the bolster underneath the center of the seat. The single front wheel is fixed to a steering post, which runs upwards through the forward end of the seat and terminates in a cross-piece for the hands. The child sits on the wide part of the seat in the rear, his legs astride the narrow intermediate portion, and paddles his way along by using his feet upon the ground, guiding his course by the handle.

The design patent consists only of a picture of the tricycle and claims the design as a whole. The mechanical patent had two claims, but as the first contained as an element a forward foot rest, which was not embodied in the defendant's supposed infringement, it need not be set forth. The second read as follows:

"2. In a child's vehicle adapted to be straddled and propelled by the action of the child's feet against the surface over which the vehicle travels, a horizontal body member comprising a wide seat section, a comparatively narrow front section, and a relatively narrow portion connecting the two sections, a rear member connected to the seat section with supporting wheels thereon, a steering member comprising a post operably supporting the front section and rolling means connected to said post."

The prior art showed bicycles over a century old driven by paddling, like the plaintiff's, and at least one tricycle, Spring, 90,601 (1869). Pedal-driven bicycles and tricycles had of course been extremely common, as were tricycles driven by a hand crank; e. g., Marqua, 722,524. Again, children's two, three, and four wheeled carts, hobby horses, and velocipedes were and are common enough. There had never, however, so far as appears, been a tricycle made like the plaintiff's with a horizontal broad seat, suitable for the use of very small children. When it appeared in 1915, it at once sprang into extraordinary popularity, the sales in nine years amounting to more than 3,250,000 of cars, selling for nearly $4,500,000.

The supposed infringement is substantially the same as the mechanical patent, except that it has a horse's head upon the driving post and has no footrest in front.

James J. Kennedy and W. Jay Ennisson, both of New York City, for appellant.

Thomas G. Haight and William F. Hall, both of Washington, D. C., and Otto Munk, of New York City, for appellees.

Before L. HAND and SWAN, Circuit Judges, and CAMPBELL, District Judge.

L. HAND, Circuit Judge (after stating the facts as above). [1, 2] The design patent appears to us to be not a design patent at all. We recognize that in æsthetics there are no standards, and that the design need not please such sensibilities as we may personally chance to possess. Nevertheless, we must find that the disclosure has at least a rudimentary æsthetic appeal, for so we interpret the word, "ornamental." This we have more than once said. Rowe v. Blodgett, 112 F. 61; Ashley v. Weeks, 220 F. 899, 901; Dietz v. Burr, 243 F. 592, 594; Wilson v. Haber (C. C. A.) 275 F. 346. The rule obtains elsewhere. Boyle v. Rousso, 16 F.(2d) 666 (C. C. A. 8); Williams v. Kemmerer, 145 F. 928 (C. C. A. 3); Pashek v. Dunlop, 8 F.(2d) 640. The plaintiff's tricycle has neither proportion, ornament, nor style, which could in our judgment make the remotest appeal to the eye. If little children at once want to have it, it is because they can see the possibility of play that it opens to them. It can touch their fancy only by what they can do with it, not by the pleasure they get by looking at it. Indeed, as we view it, it is fortunate for the plaintiff that this is true, as will presently appear.

[3-5] On the other hand, a majority of us think the mechanical patent valid. The nearest approach is Spring's tricycle, for we cannot take seriously enough for discussion the mechanical toy of a century and a quarter ago. It would indeed have taken very little to change Spring's disclosure into the patent in suit. Yet, as it stood, it was wholly unsuited for little children. It had no flat broad seat— no broad seat at all, in fact. Such seat as it had, if by that one means, as White did, the whole part connecting the rear wheels with the front one, was not horizontal. It required a thorough reconstruction to be made into White's disclosure. We at once agree that, given the suggestion of making it into a safe tricycle for very small children to paddle

about upon, the necessary adjustments were simple. In that respect the situation is a common one. Again and again, ad nauseam, courts have been fond of saying that it is the obvious when discovered and put to use that most often proves invention. In such matters we look rather to history than to our own powers of divination, if history is at hand. Kirsch v. Gould, 6 F.(2d) 793 (C. C. A. 2). Children have not changed, and would have liked as well to push about astride a little tricycle 200 years ago as to-day. The means have been also always at hand. The end and the means having therefore been for long available, this inventor merely thought to unite them by a fortunate insight which had theretofore escaped the imagination of others. We see in this an invention just because, being so simple, it had not occurred to any one before. The fact that the changes were so slight is quite irrelevant, so long as they were essential to the purpose, as they were. While the statute grants monopolies only for new structures, and not for new uses, invention is not to be gauged by the necessary physical changes, so long as there are some, but by the directing conception which alone can beget them. Traitel v. Hungerford, 18 F.(2d) 66 (C. C. A. 2). That was certainly absent before it came to White's mind.

[6,7] Infringement of claim 2 being too plain for discussion, especially in the case of so successful an invention, we pass to a point of law which we must agree is not free from doubt. Had the design patent been valid along with the mechanical we should have been considerably embarrassed to avoid the defense of double patenting, for the attempted distinctions between the two disclosures appear to us trivial. A design patent may anticipate a mechanical, Lein v. Myers, 105 F. 962 (C. C. A. 2); and if both issue to the same inventor we may assume without deciding that it will be a case of double patenting, Cary v. Neal (C. C.) 90 F. 725; Williams Calk Co. v. Neverslip Mfg. Co. (C. C.) 136 F. 210. We do not think our decision in Bayley v. Standart Art Co. (C. C. A.) 249 F. 478, is to the contrary, because the mechanical patent, which was there the earlier and disclosed the design, did not require it as a necessary part of the invention.

[8] Judge Archbald did indeed say in Williams Calk Co. v. Neverslip Mfg. Co. (C. C.) 136 F. 210, 212, that the invalidity of the design patent would not affect the defense, but this was, as he expressly added, entirely obiter, and we cannot agree. On appeal (C. C. A.) 145 F. 928, the point was not decided. So far as we can find there is no other case on the point in the books. It is quite true that a licensee may not dispute the validity of the patent in a suit for royalties. U. S. v. Harvey, 196 U. S. 310, 25 S. Ct. 240, 49 L. Ed. 492; Marston v. Swett, 66 N. Y. 206, 23 Am. Rep. 43; though the contrary is the case after decree of invalidity in another suit, Ross v. Fuller (C. C.) 105 F. 510; the theory being that this effects an "eviction." In accord with the last case, a seller may not recover the purchase price when the patent has been declared invalid. Herzog v. Heyman, 151 N. Y. 587, 45 N. E. 1127, 56 Am. St. Rep. 646. These cases do not appear to us to control.

[9,10] A patent is a bargain between the sovereign and the inventor in which the consideration moving to the inventor is the grant. Whatever may be the result if throughout the granted term the inventor has had the enjoyment of his apparent monopoly, it seems to us that, when his patent is declared invalid before its expiry, the consideration fails and the counter consideration moving from the inventor—i. e., the dedication of the disclosure—may be revoked. There being no chance for apportionment of the dedication, it ought not therefore to be held that a subsequent and valid patent is itself invalidated because of the original dedication. The whole vice of double patenting arises from the fact that the second patent defeats the dedication made in the first by extending the term of the original monopoly. Anything, therefore, which relieves the inventor of the first dedication, sets him free again to dedicate the disclosure, if not otherwise abandoned, and leaves it as a valid consideration for the second grant. Since the design patent had not expired at the time of the decree declaring it void, the inventor had not enjoyed his entire consideration, and the second grant was adequately supported by the disclosure.

Decree affirmed as to the design patent; decree reversed as to the mechanical patent and cause remanded with directions to grant an injunction upon claim 2. No costs.