## In re OWEN.

Court of Appeals of District of Columbia.

Submitted March 13, 1928. Decided
April 2, 1928.

No. 2038.

1. Patents ⚚28—Originality and beauty are necessary to obtain design patent; mere mechanical skill being Insufficient (35 USCA § 73).

To entitle one to a design patent under Rev. St. § 4929, as amended (35 USCA § 73; Comp. St. § 9475), there must be originality and beauty; mere mechanical skill being insufficient.

2. Patents ⚚22—Substitution of handles, differing little in design from handles of prior art, on ends of electric storage battery container, held not to involve invention (35 USCA § 73).

Mere substitution of handles, differing little in design from handles of prior art, on ends of electric storage battery container, held not to involve invention, entitling applicant to design patent under Rev. St. § 4929, as amended (35 USCA § 73; Comp. St. § 9475).

Appeal from the Commissioner of Patents.

In the matter of the application of Fredericka D. Owen, administratrix of the estate of Richard B. Owen, deceased, for a design patent. From a decision of the Commissioner of Patents refusing to allow the application, applicant appeals. Affirmed.

B. F. Garvey, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office refusing to allow appellant's application for a design patent in the form of an electric storage battery container.

The container is a plain, rectangular receptacle, with a handle projecting from the top of each end.

[1] Section 4929, R. S., as amended (35 USCA § 73; Comp. St. § 9475), provides that "any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof, and not patented or described in any printed publication in this or any foreign country before his invention thereof, * * * may, upon payment of the fees required by law and other due proceedings had, * * * obtain a patent therefor."

To entitle one to a design patent, there must be "originality and beauty. Mere mechanical skill is insufficient." Smith v. Whitman Saddle Co., 148 U. S. 674, 13 S. Ct. 768, 37 L. Ed. 606. See, also, H. C. White Co. v. M. E. Converse & Sons Co. (C. C. A.) 20 F.(2d) 311.

[2] As observed by the Commissioner, handles were old, and the mere substitution of applicant's handle, which differs little in design from the handles of the prior art, does not involve invention.

The decision is affirmed.

Affirmed.