In the Matter of the Application of METRO PLAN, INC., Respondent, for an Order Directing JOSEPHINE L. MISCIONE, Also Known as JOSEPHINE L. CARDARELLI, Appellant, to Arbitrate a Certain Dispute Pursuant to a Contract.

First Department, October 27, 1939.

*Samuel Silverman*, for the appellant.

*Irving Barry* of counsel [*Abraham J. Halprin* with him on the brief], for the respondent.

UNTERMYER, J. On May 28, 1938, the appellant, Josephine L. Miscione, received from the petitioner, Metro Plan, Inc., an automobile finance company, the sum of $377. In connection with the loan the appellant executed a chattel mortgage on a La Salle automobile for the sum of $504, to be paid in fourteen equal monthly installments. The difference between the amount received and the amount agreed to be repaid, amounting to $127, is referred to in the chattel mortgage as a " compensation charge " or " extra compensation," for which the lender assumed certain specified hazards in connection with the loan. Thus, it was provided that if the automobile " is damaged or destroyed by Fire, Theft, Accident, Collision, Upset, Freezing, Tornado, Cyclone, Windstorm, Explosion, Lightning, Transportation, Flood, Rain, Depreciation or Negligent Maintenance " the borrower shall be under no obligation to repay the loan. It was further provided that " The mortgagor has the option to furnish the mortgagee with insurance policies for the insurable hazards referred to herein at any time during the life of this contract, and the mortgagee agrees to return to the mortgagor the extra compensation received less any lawful deductions, up to the date of the receipt by the mortgagee of prepaid insurance policies covering all of such hazards to the extent to

which they may be insurable in. The mortgagor further has the option to anticipate this mortgage at any time before maturity; in that event he shall be entitled to a fair and reasonable adjustment for such anticipation, upon the payment in full of this mortgage. The mortgagee shall make no charge of any interest on this mortgage, nor shall he be entitled to any compensation for appraising the automobile and searching the records to determine and discover any judgments, charges, liens, or encumbrances, and making an investigation of the credit standing of the mortgagor, preparing all necessary papers and documents, notarizing and recording or filing of said papers;" and that " Should the mortgagor request the mortgagee to garage the automobile herein referred to, in that event the only compensation the mortgagee shall receive shall be a reasonable amount for storage and upon the completion of the contract the mortgagee shall deduct from the amount that has been added to the mortgagee [sic] that may be due for storage and return the difference to the mortgagor."

After paying $324 on account of the loan, the appellant failed to pay the installment which became due on March 28, 1939. The petitioner thereupon threatened to repossess the automobile unless the balance of $180 was paid. The appellant then commenced an action in the Supreme Court, New York county, against the petitioner and one John B. Hausen, alleged to be its nominee, wherein she demanded that the chattel mortgage be adjudged to be usurious and that the defendants be enjoined from attempting to enforce it. Thereafter the petitioner commenced this proceeding to require the appellant to arbitrate the dispute under the following provisions of the chattel mortgage: " In the event of any dispute arising between the parties hereto, whether by reason of the claimed unlawful seizure by the party of the first part, or whether as a result of the disputes between the parties hereto as to the compensation charge payable hereunder or under the chattel mortgage, all such matters shall be settled, determined and decided by arbitration, pursuant to the rules of the American Arbitration Society, the parties hereto agreeing to accept such determination of such Arbitration Society as final, binding and conclusive upon them hereby agreeing to accept any award so made in lieu of any decision of any court of competent jurisdiction."

The Special Term directed arbitration and stayed the prosecution of the action in the Supreme Court wherein the appellant sought to restrain enforcement of the chattel mortgage. From that order she now appeals contending that the question of usury and the validity of the contract, together with the arbitration provisions

which it contains, must be determined by the court before arbitration may be required and, furthermore, that the arbitration provisions do not include the existing dispute.

We think both these contentions must be sustained. The validity of the chattel mortgage depends upon whether the consideration for the hazard agreement bears a proper relation to the subject-matter involved or whether it is merely a device to conceal a usurious transaction. (*Equity Service Corp.* v. *Agull*, 250 App. Div. 96.) If it be true, as the appellant asserts, that the chattel mortgage is usurious, then by the great weight of authority the arbitration provisions, together with all its other stipulations, cannot be enforced. (*Fain* v. *Headerick*, 44 Tenn. 327; *Benton & Brother* v. *Singleton*, 114 Ga. 548; 40 S. E. 811; *Tandy* v. *Elmore-Cooper Live Stock Commission Co.*, 113 Mo. App. 409; 87 S. W. 614; *Pittsburgh Const. Co.* v. *West Side Belt R. Co.*, 151 Fed. 125; Sturges, Commercial Arbitrations and Awards, § 61; Russell on Arbitration and Award [13th ed.], p. 4; *Steers* v. *Lashley*, [1794] 6 T. R. 61; *Aubert* v. *Maze*, [1801] 2 Bos. & Pul. 371; *Joe Lee, Ltd.*, v. *Lord Dalmeny*, [1927] 1 Ch. 300.) Since the jurisdiction of the arbitrators must rest upon the existence of a valid contract for arbitration, the question of usury, on which this depends, is necessarily for the court and not for the arbitrators. Consequently arbitration may not be directed until the petitioner has established the existence of a valid contract to arbitrate the question in dispute, in accordance with section 1450 of the Civil Practice Act.

We are also of opinion that the arbitration provisions of the chattel mortgage do not include the dispute which now exists. The only provisions which may be claimed to apply are those which provide for arbitration of "disputes between the parties hereto as to the compensation charge payable hereunder or under the chattel mortgage." We think, fairly construed, this provision is limited to disputes concerning the adjustment of the compensation charge where the mortgagor exercises the option to furnish insurance policies for the hazards stated in the chattel mortgage or anticipates payment of the mortgage or where the mortgagor requires the mortgagee to "garage" the automobile. It could not have been intended to include an attack upon the validity of the chattel mortgage on the ground of usury, even though the question of usury might depend ultimately upon the amount of the compensation charge. In the present case the immediate question in dispute is the validity of the mortgage to which the propriety of the compensation charge is only incidental and collateral. (Compare *Pratt* v. *Paris Gas Light & Coke Company*, 168 U. S. 255.) Since we find no provision in the contract unmistakably

indicating an intention by the parties to arbitrate the dispute which has arisen, they must be relegated to the courts for its determination. (*Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284; *Matter of Young* v. *Crescent Development Co.*, 240 id. 244.)

The order should be reversed, with twenty dollars costs and disbursements, the motion denied and the petition dismissed.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, the motion denied and the petition dismissed.