GERALD C. WICKS, Plaintiff, *v.* MATAM CORPORATION, Defendant.

Supreme Court, Special Term, New York County, October 29, 1947.

*Clark, Higson & Litsch* for plaintiff.

*Henry Allen Mark* for defendant.

HOFSTADTER, J. Plaintiff moves to strike out the first affirmative defense, and the first and second counterclaims in the amended answer.

The action is for a breach of contract, pursuant to which plaintiff assigned certain patents to defendant, in consideration of plaintiff's receipt of royalties arising out of the sale of the patented devices to be manufactured by defendant. Plaintiff received $5,000 as an advance on future royalties. The claim is made that defendant breached the agreement by failing and neglecting to manufacture and sell any of the devices mentioned in the contract, and by failing to exercise its best efforts to promote the manufacture and sale of the devices described in the contract.

In the first affirmative defense, defendant alleges that the patent applications and patents issued therefor are invalid and void, and that by reason of such invalidity there was a failure of consideration for the agreement.

In the first and second counterclaims, respectively, after realleging the allegations of the first defense, defendant seeks

to recover the $5,000 theretofore paid to plaintiff as an advance on royalties, and to recover the moneys spent by defendant in an effort to improve the devices, which sums defendant asserts are completely lost because of the alleged invalidity of the patents.

Plaintiff first contends that this court has no jurisdiction of either the said defense or counterclaims because the validity of a patent is a matter which is exclusively a Federal question cognizable only in the Federal courts. However, it is well settled that the mere existence of a question concerning patent law, in a case otherwise within the jurisdiction of the State court, does not oust the court of jurisdiction. The State court can consider and determine those collateral questions (*Pratt* v. *Paris Gas Light & Coke Company*, 168 U. S. 255; *Herzog* v. *Heyman*, 151 N. Y. 587; *Manning* v. *Silloway*, 261 App. Div. 99, affd. 286 N. Y. 638; *Bedell* v. *Dictograph Products Co., Inc.*, 251 App. Div. 243).

The action, we have observed, is based upon a contract; the defense is failure of consideration. Whether such lack of consideration is based upon the invalidity of a patent or some other ground, does not change the nature of the action. The question of the validity of the patent is a collateral one, and this court therefore has jurisdiction to consider and determine it. (See *Marsten* v. *Swett*, 66 N. Y. 206; *Stentor Electric Mfg. Co.* v. *Klaxon Co.*, 115 F. 2d 268; *Herzog* v. *Heyman*, *supra*.)

Since the defense is good on its face, the counterclaims are equally sufficient. They seek recovery of moneys paid and expended pursuant to the contract; and where the consideration of the contract fails such sums may be recovered (*Flandrow* v. *Hammond*, 148 N. Y. 129; *Mahar* v. *Harrington Park Villa Sites*, 146 App. Div. 756).

The motion is in all respects denied. Settle order.