In the Matter of the Arbitration between HAROLD G. ABBEY, Respondent, and HARRY MEYERSON et al., Appellants.

First Department, November 15, 1948.

*Harry Rodwin* of counsel (*Monroe Goldwater* and *Milton Small* with him on the brief; *Goldwater & Flynn,* attorneys), for appellants.

*Emil K. Ellis* of counsel (*Abraham J. Heller, Myron A. Ellis, Jonas Ellis* and *Abraham Beital* with him on the brief), for respondent.

GLENNON, J. The order entered at Special Term directs arbitration of certain disputes that have arisen concerning the control and operation of the three corporate appellants. The respondent claims that he was ousted as president, director and employee of the corporations in violation of certain agreements hereinafter referred to. For the purpose of convenience the parties, in their respective briefs, treat the three corporations as one since what is said of one applies with equal force to the others.

The arbitration clause upon which the order appealed from is based is contained in two writings; one dated September 7, 1943, referred to as the incorporator's agreement and the other dated September 13, 1943, is described as the employment agreement. Both writings contain identical arbitration clauses.

The incorporator's agreement provided for the organization of a corporation having two classes of stock; class "A" and class "B". The class "A" stock was allotted to appellants Harry Meyerson and Robert I. Marcus and the class "B" to respondent Harold G. Abbey and others. The holders of the class "A" stock are required by the terms of the agreement to "nominate, vote for and elect for officers of the corporation, stockholders of Class 'B' only." The incorporator's agreement contains the following provisions, among others:

"4. The corporation and each of the parties hereto shall enter into contracts of employment for a period of ten years from and after the date hereof at the following salaries: * * *"

"7. The management and operation of the corporation shall be administered exclusively by the holders of Class 'B' stock, the parties hereto agreeing that Class 'A' stockholders shall not interfere in said management or operation in their capacity as individuals, stockholders or directors * * *."

Section 11 of article II of the by-laws adopted by the corporation provides that no action is to be taken "by the Board of Directors inconsistent with the spirit or letter of" the September 7, 1943, agreement.

Under date of September 13, 1943, the corporation entered into the employment agreement contemplated by paragraph 4 of the incorporator's agreement. The respondent maintains that the two agreements are separate and distinct contracts and that the legality of one is not dependent upon the legality of the other. With that contention we do not agree. The employment agreement arises out of the incorporator's agreement which by express provision was made part of the September 13th agree-

ment as if therein set forth. The essential terms and conditions of the employment had been agreed upon by the parties and were set forth in the September 7th writing. Both documents are, therefore, to be read together as constituting a single agreement.

The effect of the provisions of the agreement is to deprive the board of directors of their powers and functions and to vest control in the holders of class " B " stock. Such an agreement violates the provisions of section 27 of the General Corporation Law and the public policy of this State and is, therefore, void and unenforcible. (*Long Park, Inc.,* v. *Trenton-New Brunswick Theatres Co.,* 297 N. Y. 174.)

The agreement being illegal it necessarily follows that arbitration may not be had since the arbitrators' jurisdiction must rest upon the existence of a valid and enforcible contract. (*Matter of Metro Plan, Inc.,* v. *Miscione,* 257 App. Div. 652.)

As a consequence the order appealed from should be reversed, with costs to the appellants and the motion denied.

PECK, P. J. and SHIENTAG, J. (dissenting). In our opinion the question in this case is not whether the agreements of September 7th and September 13th are to be treated as a single agreement or separate agreements, but whether the illegal provision in the agreements, namely paragraph 7 of the agreement of September 7th, may be separated from the rest of the agreements to permit the agreements, other than paragraph 7, to stand. We believe that the other provisions may and should be separated from paragraph 7 and that the other provisions, particularly those relating to the employment of petitioner and his election as a director and officer, are valid under the decision in *Clark* v. *Dodge* (269 N. Y. 410). We vote, therefore, to modify the order appealed from to direct arbitration in respect of the issues relating to the alleged violations of the agreements, except any issue relating to the violation of paragraph 7 of the agreement of September 7th.

COHN and VAN VOORHIS, JJ., concur with GLENNON, J.; PECK, P. J. and SHIENTAG, J., dissent in opinion.

Order reversed, with $20 costs and disbursements to the appellants and the motion denied.