HAZELTINE RESEARCH, INC., Plaintiff, *v.* DE WALD RADIO MFG.
CORP., Defendant.

Supreme Court, Special Term, New York County, December 10, 1948.

*David L. Sprung* for plaintiff.

*Floyd H. Crews* and *Fred Francis Weiss* for defendant.

HOFSTADTER, J.  The plaintiff moves for summary judgment or, in the alternative, for an order striking out the affirmative defenses set forth in the defendant's answer.  On October 22, 1941, the defendant and the plaintiff's predecessor entered into a license agreement which by its terms became effective July 1, 1941.  Thereby the licensor granted to the defendant a personal, indivisible, nontransferable and nonexclusive license to utilize the patents therein described in the manufacture at the defendant's factory, located at 436–440 Lafayette Street, New York City, of the radio equipment described in the agreement. Royalties measured by the gross sales are payable at the rate of 1.05% in respect of some and at the rate of 2.1% in respect of other radio equipment.  The agreement is for the term of ten years, expiring on June 30, 1951, and provides for renewal at the option of the defendant for an additional term of three years.  The defendant has not paid royalties since January 1, 1947.  This action is brought to recover royalties for the period January 1 to December 1, 1947.

The moving affidavit alleges, without more, " that defendant is utilizing inventions covered by patents granted to plaintiff and licensed to defendant."  The defendant's answering affidavit denies the use by defendant at any time of valid patents of the plaintiff.  In addition, the defendant alleges, without con-

tradiction, that prior to the effective date of the agreement some of the patents licensed under it had already been held invalid and that other patents have since been held to be invalid. The agreement recites in part: "Licensor represents that it owns or has the right to grant licenses under the United States patents enumerated in Schedule A * * *."

In a like action on a similar contract the plaintiff prevailed on an application for summary judgment (*Hazeltine Research, Inc.*, v. *Automatic Radio Mfg. Co.*, 77 F. Supp. 493). The parties to that action are not the same as the parties here. While the issues in the two actions are in many respects similar, they are not entirely the same. Moreover, as will appear, the questions involved are largely those of New York contract law, and on such questions this court is not bound by the Federal decision (*People ex rel. Central Park North & East Riv. R. R. Co.* v. *Willcox,* 194 N. Y. 383, 386; *People ex rel. Rice* v. *Graves,* 242 App. Div. 128, 134, affd. 270 N. Y. 498; *Sadler* v. *Boston & Bolivia Rubber Co.,* 140 App. Div. 367, affd. 202 N. Y. 547; *Grauer* v. *Equitable Life Assur. Soc. of U. S.,* 167 Misc. 30, 38). While the Federal decision has been given the most earnest consideration, it is not controlling and for the reasons to be stated I reach a contrary result on the motion for summary judgment.

It is clear that a determination with regard to the consideration supporting a contract is within the competence of this court, although the question may depend upon the validity of a patent or patents (*Herzog* v. *Heyman,* 151 N. Y. 587, 591, 592). The invalidity of a patent may result in a failure of consideration rendering a contract supported by it unenforcible, and this result follows regardless of the good faith of the licensor (*Pomeroy* v. *New York Hippodrome Corp.,* 197 App. Div. 114; *Buffalo Rubber Mfg. Co.* v. *Batavia Rubber Co.,* 90 Misc. 418). As already noted, it is uncontradicted that both before and since the execution of the license agreement some of the patents covered by it have been adjudged invalid. The defendant argues that the patents so declared invalid are the most important. If so, then their invalidity may be so essential as to defeat the whole purpose of the license agreement and bring about a failure of so substantial and vital a part of the consideration as to constitute a failure of consideration within the doctrine of the authorities cited. (See *Jacob & Youngs* v. *Kent,* 230 N. Y. 239, 243; *Crouch* v. *Gutmann,* 134 N. Y. 45, 51.) A failure of consideration in the adjudicated invalidity of a patent relieves

the licensee of the obligation to pay royalties, even without notice of repudiation of the license (*Marston* v. *Swett*, 82 N. Y. 526). Obviously, this issue cannot be determined summarily.

It is competent to contract with respect to patents which may or may not be invalid, if that be the intention of the parties. However, this must clearly appear and in the case at bar is rebutted by the express representation of the licensor " that it owns or has the right to grant licenses " (*Herzog* v. *Heyman, supra,* p. 591). Since a triable issue is raised, the motion for summary judgment must be denied.

Moreover, the doubtful legality of the license agreement sued on, discussed in connection with the first defense, precludes the granting of summary judgment.

The first defense alleges that the contract is against public policy and consequently void and unenforcible. A number of postulates in support of this contention are set forth, including the claim that the licensor refused to grant the license unless all patents of the licensor were thereby embraced. It is only necessary to find one of them sound to uphold the sufficiency of this defense.

Illegality renders an agreement unenforcible (*Matter of Abbey* [*Meyersen*], 274 App. Div. 389). An agreement which is against public policy is illegal. Since the public policy here required to be ascertained relates to patents, the Federal rule in respect of public policy governs (*MacGregor* v. *Westinghouse Co.,* 329 U. S. 402, 407; *O'Connor* v. *Hudson River Day Line,* 269 App. Div. 960, affd. 296 N. Y. 501; *Adler* v. *Zimmerman,* 233 N. Y. 431, 438). We find the public policy in the Constitution, the statutes and judicial decisions (*Glaser* v. *Glaser,* 276 N. Y. 296, 302; *Vidal* v. *Girard's Executors,* 2 How. [U. S.] 127).

A patent is a privilege limited to the invention defined and is granted in furtherance of the public policy to promote the progress of science and useful arts (*Mercoid Corp.* v. *Mid-Continent Co.,* 320 U. S. 661). This policy does not require extension of the monopoly incident to a patent beyond the invention therein defined. If the patent is utilized to compel the purchase of unpatented items, the patent will not be enforced (*Mercoid Corp.* v. *Mid-Continent Co., supra,* p. 666), and the same result follows if the patent is utilized for the purpose of compelling the purchase of unpatented materials to be used with the patented item (*Motion Picture Patents Co.* v. *Universal Film Mfg. Co.,* 243 U. S. 502, 512; *Ethyl Gasoline Corp.* v. *United States,* 309 U. S. 436). When the agreement involving the patent attempts to fix prices, it is to be scrutinized for the purpose of ascertaining the

validity of the patent in order to vindicate the paramount public interest against restraint of trade (*Katzinger Co.* v. *Chicago Metallic Mfg. Co.,* 329 U. S. 394), and one patent may not be utilized to enlarge the monopoly of another patent (*Ethyl Gasoline Corp.* v. *United States, supra,* p. 459). It is also the public policy of this State to discourage monopolies (General Business Law, § 340).

If, as claimed by defendant, the licensor refused to grant the license here involved unless it included all patents of the licensor, the resulting agreement violates the public policy of the United States in relation to patents. The covenant to pay royalties in such case is bound inextricably with the violation of public policy and thereby becomes unenforcible. The illegality permeates the entire agreement and vitiates it (*Katzinger Co.* v. *Chicago Metallic Mfg. Co.,* 329 U. S. 394, 401, *supra*; *MacGregor* v. *Westinghouse Co.,* 329 U. S. 402, 407, *supra*). I, therefore, hold the first defense sufficient. Enough facts in substantiation of this defense are stated in the answering affidavit to put the plaintiff to its proof and thus to require denial of its motion for summary judgment.

The second defense alleges that the plaintiff has failed to prosecute infringers, thereby breaching the agreement. But it does not allege an undertaking to do so, and in its absence a licensor is under no obligation to defend a licensee from infringers (*Martin* v. *New Trinidad Lake Asphalt Co., Ltd.,* 182 App. Div. 719). This defense is insufficient.

The third defense alleges an eviction predicated upon the bare allegation " that the only patents of any importance in the manufacture of radio sets referred to in the agreement * * * have been held invalid * * *." This allegation is conclusory and devoid of facts which constitute a defense.

The fourth defense alleges a misuse of the patents here involved by reason of the requirement for the payment of royalties on devices which do not incorporate the plaintiff's patents. But it has been held that such provision, without more, merely fixes the measure of compensation for the license and is not unlawful (*Ohio Citizens Trust Co.* v. *Air-way Electric Appliance Corp.,* 56 F. Supp. 1010, 1012). This defense is, therefore, insufficient.

The fifth defense alleges that the plaintiff agreed to waive payment of the minimum royalties provided for in the agreement. The complaint, however, does not demand the minimum royalties. Moreover, the waiver is unsupported by considera-

tion and, therefore, is unenforcible insofar as it is executory (*Crocker* v. *Page,* 210 App. Div. 735, affd. 240 N. Y. 638). The defense is insufficient.

The sixth defense pleads a breach of warranty of the validity of the patents, a consequent failure of consideration, and a notice of repudiation of the license agreement predicated on the foregoing. Inasmuch, however, as the defense does not allege any adjudication of invalidity before the repudiation, the defendant remains liable for royalties which accrued before the notice was given (*Skinner* v. *Wood Mowing & Reaping Machine Co.,* 140 N. Y. 217).

The seventh defense alleges the agreement is oppressive and unconscionable, without supporting facts.

The eighth defense alleges that the license to manufacture was confined to premises 436–440 Lafayette Street and that defendant has not manufactured at these premises during the period covered by this action. The ninth defense disclaims liability because the apparatus manufactured by the defendant did not bear the patent markings provided for in the agreement, which apparatus by the terms of the agreement was not to be considered licensed. These defenses are insufficient because a defendant may not avail himself of his own failure to perform a condition (*Patterson* v. *Meyerhofer,* 204 N. Y. 96; *Matter of Federated Textiles* [*Glamour Girl, Inc.*], 265 App. Div. 252).

The motion for summary judgment is denied. The motion to strike is denied as to the first defense and otherwise granted, with leave to the defendant to serve an amended answer within ten days after notice of entry of this order.